## BUTLER v. THOMPSON et al.
### No. 14293.

United States Court of Appeals
Eighth Circuit.

Dec. 11, 1951.

C. Frank Aldrich, St. Louis, Mo., for appellant.

Thomas J. Cole, St. Louis, Mo. (Thomas T. Railey, St. Louis, Mo., on the brief), for appellees.

J. W. Brown and Ben Gettler, Cincinnati, Ohio, amicus curiae, for Hotel & Restaurant Employees and Bartenders International Union et al.

Before GARDNER, Chief Judge, and THOMAS and COLLET, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal by the plaintiff from a judgment dismissing his complaint "for failure to state a cause of action."

The complaint alleges that the action arises under the Railway Labor Act, Title 45, Chapter 8, 45 United States Code Annotated, § 151 et seq.; that since 1923 plaintiff was a dining car employee of the Missouri Pacific Railroad Co., of which company Guy Thompson is trustee; that he was suspended on August 23, 1947; and he demands reinstatement in his position, and an accounting for loss of earnings, or damages. The answer admits the alleged employment of plaintiff, denies plaintiff's alleged right to maintain the action in court, and asks that the complaint be dismissed.

The facts were stipulated. From 1923 plaintiff worked continuously for the defendant railroad company, except for several months suspension during the year 1929, until he was again suspended on August 23, 1947, on a charge of violation of dining car instructions prohibiting the carrying, possession or use by crew members of intoxicating liquor while on duty.

Plaintiff was a member of Local 354, Hotel & Restaurant Employees and Bartenders International Union. By virtue of a collective bargaining agreement between the Union and the defendant he was at the time of his suspension entitled to certain rights of seniority and other benefits.

Rule 17(a) of the contract with the Union provided that "The right of the Management to discipline, suspend or discharge an employee for incompetency or other just and sufficient reason is recognized * * * however, prior to dismissal they shall be afforded an investigation at which they may be represented by a representative (an employee) of their choice * * * (c) Hearings will be held within ten days, unless otherwise agreed upon * * *." And in all cases the right of appeal by the employee to the highest official designated by the management was preserved.

For the purpose of investigating the right of plaintiff to reinstatement a hearing was arranged to be held on September 2, also on September 6 and 19, and on October 16, 1947. On each occasion plaintiff alleged that he was unable to attend on account of the illness of his wife, of himself, or inability to secure a representative. Finally it was agreed that a hearing should be had on October 27, 1947, at which time plaintiff appeared and attempted to authorize as his representative for the hearing one not an employee of the defendant nor a member of plaintiff's union but an officer of a rival union.

The defendant's Superintendent before whom the hearing was to be held refused to permit plaintiff to be represented by his chosen representative on the ground that he was not an employee of defendant as required by Rule 17(a) of the contract, supra. Thereupon plaintiff and his chosen representative retired, no hearing was had, and no appeal was taken. This suit was afterwards commenced in the district court.

In reality but one question is presented on this appeal. The trial court, relying upon the decision of the Supreme Court in Slocum v. Delaware, L. & W. R. Co., 339 U. S. 239, 70 S.Ct. 577, 94 L.Ed. 795, dismissed the complaint on the sole ground "that an action for reinstatement cannot be brought in a court"; and that plaintiff's remedy is by petition to the National Railroad Adjustment Board.

In so holding the plaintiff contends that the court erred. He relies upon that part of § 152, Third, of the Railway Labor Act, 45 U.S.C.A. which reads: "Representatives of employees for the purposes of this Act need not be persons in the employ of the carrier, and no carrier shall, by interference, influence, or coercion seek in any manner to prevent the designation by its employees as their representatives of those

who or which are not employees of the carrier."

There is no merit in plaintiff's contention that the court erred in holding that the remedy of reinstatement of a suspended employee is by petition to the Railroad Adjustment Board. While he relied upon that part of paragraph Third, § 152 of the Act, quoted above, he fails to give consideration to paragraph Sixth of the same section, which provides: "In case of a dispute between a carrier or carriers and its or their employees, arising out of grievances * * it shall be the duty of the designated representative or representatives of such carrier or carriers and of such employees, within ten days after the receipt of notice of a desire on the part of either party to confer in respect to such dispute, to specify a time and place at which such conference shall be held: * * * That nothing in this Act shall be construed to supersede the provisions of any agreement (as to conferences) then in effect between the parties."

Paragraph Fourth of § 152 of the Act guarantees to the employees of a railroad company the right to organize and to bargain collectively. As stated heretofore, plaintiff was a member of the Union with which the railroad company had its bargaining agreement. And it is undisputed that § 17(a), supra, of that contract was in effect at the times in question and representation by an employee at the investigation, conference or hearing involving the right of plaintiff to reinstatement was provided for therein.

Subsection (i) of § 153 of the Act provides for appeals from disputes between employees and a carrier to the Adjustment Board; and on the hearing of such an appeal proceedings provided in the collective bargaining contract for confer-

ences and hearings at the company level do not apply. At such a hearing on appeal the employee is not bound by such provisions as that of § 17(a) in the controlling contract here. The point involved was recently presented to the United States Court of Appeals for the Seventh Circuit in Broady v. Illinois Cent. R. Co., 7 Cir., 191 F.2d 73, 76, and the court said: "We can find no provision of the Railway Labor Act which gives to employees the right to a representative of their own choice at an investigation by company officials of a charge that the employee has violated company rules. In the case at bar, appellee's right to representation comes from the agreement of appellant and Dining Car Employees Union, Local 351."

The statute recognizes a distinction between proceedings on the company level and those before the Adjustment Board when there is in effect a collective bargaining contract. In investigations, conferences or hearings by or before officers of the carrier an existing legal contract controls, whereas the procedure before the Board is controlled by the statute. In Brooks v. Chicago, R. I. & P. R. Co., 8 Cir., 177 F.2d 385, 391, this court after careful consideration said: "The Railway Labor Act does not empower the courts to enforce against railroads any prescribed procedure for investigating and discharging its employees, * * *."

The interpretation and application of the Railway Labor Act has been considered in numerous decisions of the courts, many of which are cited in the briefs. No good purpose could be served by a lengthy discussion and analysis of those decisions. The judgment of the trial court dismissing the complaint for want of jurisdiction is right, and it is accordingly affirmed.