**Michael D'AMICO, Plaintiff,**

**v.**

**PENNSYLVANIA RAILROAD COMPANY, Norman J. Lynch and Chas. J. Woolson, Defendants.**

United States District Court
S. D. New York.

Feb. 9, 1961.

Leo Gitlin, New York City, for plaintiff.

Conboy, Hewitt, O'Brien & Boardman, New York City, for defendants; David J. Mountan, Jr., New York City, of counsel.

**WEINFELD, District Judge.**

The plaintiff, an employee of the defendant Railroad, moves to enjoin it and the individual defendants, its hearing officers, from proceeding with a disciplinary trial upon charges of alleged violation of the Company rules. Plaintiff concedes the defendants' right to conduct such proceedings and also acknowledges that in the event of an adverse ruling, his remedy is to appeal to the National Railroad Adjustment Board, as provided by the Railway Labor Act of 1934, 45 U.S. C.A. § 153, First (i).

The sole basis of plaintiff's appeal to this Court is that the defendants have denied, and continue to deny, plaintiff's asserted right to be represented by counsel of his own choice at the hearing. The defendants admit they have refused to permit plaintiff to appear by counsel, but challenge his claimed right. They contend that plaintiff is bound by the terms of a collective bargaining agreement between the Railroad and the Union of which he is a member. The agreement provides that an employee who is charged with an offense may "if he desires to be represented at such trial, * * * be accompanied by a duly accredited union representative." The plaintiff has refused to designate the Union official who, the Railroad contends, is the "duly accredited union representative." Plaintiff charges that such representative is hostile toward him; that the hearing officer is disqualified because he and the alleged hostile Union official are engaged in a

joint effort to deny plaintiff the fair trial to which he is entitled under the Railway Labor Act. He rejects the defendants' contention that the contract provision confines him to representation only by a "duly accredited union representative"; further he urges that if it be so interpreted then it is invalid, since it invades the right to independent counsel granted him under the Act.

Upon either asserted ground the Court is of the view that it is without jurisdiction, and that the plaintiff's remedy at this stage is confined to the procedures specified in the Act.

■ Whether the clause in question is exclusive and restricts representation of an employee to a duly accredited union representative, as contended for by the Railroad,[1] presents a question of interpretation of the contract, which under the Act is within the jurisdiction of the Railroad Adjustment Board.[2]

As to the plaintiff's alternative contention attacking the contract provision as void, it is well to bear in mind that the dispute here is "minor," as that term is used in the parlance of the Railway Labor Act—that is, a controversy under an existing collective bargaining agreement generally involving only one employee.[3] Essentially the issue presented is whether, in the preliminary investigation and hearing procedure applicable to a minor dispute, the Act vests the plaintiff with the right to counsel. Plaintiff urges that it does, and to support his position he relies upon certain provisions of section

2 of the Act,[4] which, in substance, provide that the "representatives" of the respective parties to a dispute shall be designated without interference by either party and that "no carrier shall, by interference, influence, or coercion seek in any manner to prevent the designation by its employees as their representatives of those who or which are not employees of the carrier." However, these and other provisions of section 2 are directed toward assuring the independence and integrity of employee representatives in the collective bargaining process and that they will serve all the employees they purport to represent with fairness and impartiality and free from carrier coercion or influence.[5]

■ A fair reading of section 2, considered in the light of its overall purposes, compels the conclusion that "representative," as used therein and defined in section 1, Sixth,[6] does not grant to an individual employee involved in a minor dispute with his employer the right of counsel at the hearing of charges at the company level, which is but one of the initial steps in the procedure set up under the Act for the adjustment of disputes.

Plaintiff also relies upon section 3 of the Act, particularly subdivisions (i) and (j), 45 U.S.C.A., § 153, First, to support his claimed right to counsel at the hearing. Subdivision (i) provides for appeals or submissions to the Railroad Adjustment Board where disputes between

1. While the Union has not been named as a defendant herein, counsel for the Railroad has represented that it is in accord with this interpretation. Apart from this, the Railroad contends that if it did permit plaintiff to appear by counsel, it would expose itself to a charge by the Union of violating the agreement.

2. Slocum v. Delaware, L. & W. R. R., 1950, 339 U.S. 239, 70 S.Ct. 577, 94 L. Ed. 795; Order of Railway Conductors of America v. Pitney, 1946, 326 U.S. 561, 66 S.Ct. 322, 90 L.Ed. 318.

3. Cf. Union Pacific R. R. v. Price, 1959, 360 U.S. 601, 609, 79 S.Ct. 1351, 3 L.Ed. 2d 1460; Brotherhood of Railroad Train-

men v. Chicago R. & I. R. R., 1957, 353 U.S. 30, 33, 77 S.Ct. 635, 1 L.Ed.2d 622.

4. 45 U.S.C.A. § 152, Second and Third.

5. See Steele v. Louisville & N. R. R., 1944, 323 U.S. 192, 65 S.Ct. 226, 89 L. Ed. 173; General Committee of Adjustment, etc. v. Missouri-Kansas-Texas R. R., 1943, 320 U.S. 323, 329, 64 S.Ct. 146, 88 L.Ed. 76.

6. 45 U.S.C.A. § 151, Sixth: "The term 'representative' means any person or persons, labor union, organization, or corporation designated either by a carrier or group of carriers or by its or their employees, to act for it or them."

an employee and a carrier have failed of adjustment at the company level.

Subdivision (j), with respect to disputes so submitted to the Board, provides:

"Parties may be heard either in person, by counsel, or by other representatives, as they may respectively elect, * * *."

█ Section 3 of the Act, of which the above subdivisions are a part, is entitled "National Railroad Adjustment Board." It defines the powers and duties of the Board and delineates the procedure for the adjustment of disputes between an employee and a carrier growing out of the interpretation or application of an existing collective bargaining agreement. The Act recognizes a distinction between proceedings on the company level and those before the Adjustment Board. It is clear that the right of counsel referred to in subdivision (j) is granted to an employee, with respect to a dispute, only when it reaches the final arbitral authority, the Railroad Adjustment Board.

█ Subdivision (i), which provides that disputes "shall be handled in the usual manner up to and including the chief operating officer of the carrier," intends, in the initial stages, an on-the-spot investigation and expeditious trial at various management levels, and one free from the rigidity of a formal trial attended by counsel. It is therefore understandable that Congress did not see fit to grant the right of counsel while the grievance or dispute was being processed through the required management levels in the effort to reach an accommodation.

While the issue has not been passed upon definitively by our Court of Appeals,

the conclusion here reached is in accord with rulings in other circuits.[7]

In Broady v. Illinois Cent. R. R.[8] the Court, considering the issue, stated:

"We can find no provision of the Railway Labor Act which gives to employees the right to a representative of their own choice at an investigation by company officials of a charge that the employee has violated company rules. In the case at bar, appellee's right to representation comes from the agreement of appellant and Dining Car Employees Union, local 351.

\*    \*    \*    \*    \*    \*

"It appears to us under the above provisions of the Railway Labor Act [45 U.S.C. § 153(i) and (j)] that the employee's right to representation thereunder, when an investigation of a breach of company rules is involved, would arise only when the officials of the company have completed their inquiry and entered a finding unsatisfactory to the accused employee. Then, and only then, is he entitled under the Act itself, to a hearing before the Adjustment Board."

Plaintiff may preserve his present contention as to the disqualification of the hearing officer or the Union official by making an appropriate record at the trial.[9] He is entitled to representation by counsel before the Board[10] and is there free to attack the validity of any adverse finding, should any be made against him. The Board, of course, is fully empowered under the Act to vacate any finding and to reinstate the plaintiff.

The Court concludes that it is without jurisdiction to grant the relief.

Accordingly, the motion is denied.

**7.** Butler v. Thompson, 8 Cir., 1951, 192 F.2d 831; Broady v. Illinois Cent. R. R., 7 Cir., 191 F.2d 73, certiorari denied 1951, 342 U.S. 897, 72 S.Ct. 231, 96 L. Ed. 672; Brooks v. Chicago, R. I. and P. R. Co., 8 Cir., 1949, 177 F.2d 385.

**8.** 191 F.2d at pages 76, 77.

**9.** Cf. Weaver v. Pennsylvania R. R., D.C. S.D.N.Y.1956, 141 F.Supp. 214, affirmed memorandum 2 Cir., 1957, 240 F.2d 350.

**10.** See Elgin, J. & E. Ry. v. Burley, 1945, 325 U.S. 711, 65 S.Ct. 1282, 89 L. Ed. 1886; 1946, 327 U.S. 661, 664, 66 S.Ct. 721, 90 L.Ed. 928.