**Edward J. BARRETT, Plaintiff,**

v.

**MANUFACTURERS RAILWAY COM-
PANY, Defendant.**

**No. 65 C 104(2).**

United States District Court
E. D. Missouri, E. D.

April 14, 1966.

Daniel P. Reardon, St. Louis, Mo., for plaintiff.

Albert E. Schoenbeck, Dwight Inga-mells, St. Louis, Mo., for defendant.

### MEMORANDUM

MEREDITH, District Judge.

This matter is before the Court upon a complaint to enforce an award of the

National Railroad Adjustment Board (hereinafter referred to as NRAB), pursuant to 45 U.S.C. § 153 First (p). Award Number 20470, dated August 5, 1964, determined that plaintiff had been wrongfully discharged and directed his restoration to service with seniority unimpaired and pay for all time lost since January 8, 1962, to be paid on or before September 5, 1964. The complaint alleges that plaintiff was not restored to active service until December 7, 1964, and that defendant has failed and refused to comply with the money award. By answer, defendant asserts the award was arbitrary, unlawful and erroneous, and that its discharge of plaintiff was proper and lawful. A hearing has been held before the Court without a jury and the Court has been fully advised by testimony, documentary evidence and briefs.

This controversy arose out of an accident which occurred on May 6, 1961, in which one of defendant's trains struck the rear of an Alton and Southern train which was standing on the MacArthur Municipal Bridge in St. Louis. Plaintiff was the engineer on defendant's train. Plaintiff and other members of the train crew were subsequently charged by the carrier with carelessness and negligence in the performance of their duties. The hearing required by the collective bargaining agreement was postponed several times because plaintiff was in the hospital. Finally, a hearing was held on June 30, 1961. Plaintiff was still hospitalized at that time and it was specified that a second hearing was to be held when plaintiff would be available. The second phase of the hearing was conducted on January 10, 1962, following which plaintiff was discharged. Plaintiff then took the matter before the First Division of the NRAB.

Plaintiff's position before the NRAB was that the record of the company hearing revealed no evidence that plaintiff was careless or negligent, but instead showed that the accident was caused by the rules violations of Alton and Southern personnel. Further, plaintiff contended that defendant had vio-

lated Article 22 of the collective bargaining agreement, which gives plaintiff the right to a fair and impartial hearing. The NRAB found that plaintiff had been denied a fair and impartial hearing in two respects; first, that plaintiff's "representative of his own choice" had been improperly excluded from the hearing held June 30, 1961, and second, that plaintiff was prejudiced by the defendant's failure to produce two witnesses at the January 10, 1962, hearing who had testified at the June 30, 1961, hearing, despite defendant's promise to produce all such witnesses and plaintiff's request that these particular witnesses be available. Because of its finding that plaintiff had been denied a fair and impartial hearing as required by the collective bargaining agreement, the NRAB did not reach the question whether defendant had just cause for discharging plaintiff.

Defendant contends that the NRAB award was erroneous. First, it is contended that the NRAB erred in determining this controversy on the basis of procedural defects; that the NRAB should have determined the real issue before it, which was whether defendant had just cause for dismissing plaintiff. Second, the defendant contends the NRAB erred in finding that plaintiff was prejudiced by the procedural defects noted because the dismissal was based solely upon the evidence presented at the January 10, 1962, hearing. Further, it is contended that both a labor representative and legal representative were seeking wrongfully to represent plaintiff at the June 30, 1961, hearing. Regarding the two witnesses not present at the January 10, 1962, hearing, defendant points out these were Alton and Southern personnel, that defendant requested them to appear on January 10, 1962, but that defendant had no means to compel them to appear. Additionally, defendant contends these two witnesses were not eye witnesses and that their knowledge of collateral events was of no material value or importance. Defendant also contends the award is in derogation of the collective bargaining agreement because Arti-

cle 22, Rule 1, of that agreement authorizes payment of compensation to an engineman only "if the engineman is found not guilty" of disciplinary charges brought against him, and there has been no such finding in this case. Finally, defendant contends that if such procedural defects did exist and were to plaintiff's prejudice, the appropriate and only remedy the NRAB could supply was to remand the matter to the carrier for a new hearing on the merits.

### STATEMENT OF THE LAW

Section 153 First (p), 45 U.S.C., provides in pertinent part as follows:

"(p)  If a carrier does not comply with an order of a division of the Adjustment Board * * *, the petitioner, * * * may file in the District Court * * * a petition setting forth briefly the causes for which he claims relief, and the order of the division of the Adjustment Board in the premises. Such suit * * * shall proceed in all respects as other civil suits, except that on the trial of such suit the findings and order of the division of the Adjustment Board shall be prima facie evidence of the facts therein stated, * * * "

At the time this suit was brought, the general rule was that the above section of the statute required a complete trial de novo in the district court. See Boos v. Railway Express Agency, 253 F.2d 896 (8 Cir. 1958); Brotherhood of Railroad Trainmen v. Louisville & N. R. R., 334 F.2d 79 (5 Cir. 1964). This line of authority has been undermined by the recent Supreme Court decision in Gunther v. San Diego & A. E. Ry., 382 U.S. 257, 86 S.Ct. 368, 15 L.Ed.2d 308 (1965). The question before the Court was whether the district court could review, de novo, a finding by the NRAB that the company did not have the absolute right, under the collective bargaining agreement, to remove an employee when its physicians found in good faith that the employee was physically disqualified from service. Section 153 First (m), 45 U.S.C., provides that the awards of the NRAB "shall be final and binding upon both parties to the dispute, except insofar as they shall contain a money award." Stating that a NRAB decision should have the same finality that a decision of arbitrators would have, the Court held that the district court could not overturn the NRAB's interpretation of a collective bargaining agreement where it could not be said "that the Board's interpretation was wholly baseless and completely without reason."

The *Gunther* case does not expressly deal with the relation between § 153 First (m) and (p). But, it is clear that the decision rules this point. Prior cases had reconciled subsections (m) and (p) by saying that the "final and binding" provision of subsection (m) may be taken to mean, in view of subsection (p), that an award is final and binding so long as there is no effort to enforce the award through the Courts. In Brotherhood of Railroad Trainmen v. Louisville & N. R. R., supra, it was contended that this reconciliation was no longer valid in view of certain dictum appearing in Brotherhood of Locomotive Eng'rs v. Louisville & N. R. R., 373 U.S. 33, 83 S.Ct. 1059, 10 L.Ed.2d 172 (1963). The Court of Appeals for the Fifth Circuit declined to overturn the traditional reconciliation on the basis of dictum. But, what was dictum in the *Locomotive Engineers* case is the clear and concise ruling of the *Gunther* case. Again, in Brotherhood of Ry. & S. S. Clerks, etc. v. Atlantic Coast Line R. R., 253 F.2d 753 (4 Cir. 1958), the traditional de novo review rule was supported on the ground that Congress did not intend that NRAB awards were to have the effect of arbitration awards. But, in *Gunther* it is expressly stated that NRAB decisions have the "same finality that a decision of arbitrators would have." (l.c. supra, 382 U.S. at 263, 86 S.Ct. at 372) The Court's decision was based on a fundamental consideration of the nature of the National Railroad Adjustment Board, its familiarity with and expertise in the difficult problems of the railroad world, and stands for the proposition that the

NRAB's findings as to collective bargaining agreements should not be subject to easy reversal in the courts.

■ The *Gunther* case had not been decided at the time the hearing was held on this matter. Evidence was received as to the entire range of the controversy. However, in view of *Gunther*, we find that the scope of our review, with the exception of the amount of the monetary award, is limited to determining whether the NRAB award is reasonably supported by the evidence and is grounded upon a correct application of the law. We are without authority to substitute our interpretations of the collective bargaining agreement and the facts for those of the NRAB.

### FINDINGS

■ Defendant's contention that the NRAB erred because it failed to decide this controversy on the merits is without substance. The question before the NRAB was whether the plaintiff had been wrongfully discharged. The NRAB could find wrongful discharge either on the ground that the evidence did not show just cause or by finding that plaintiff had been denied his right to a fair and impartial hearing. The contention that remand is the only remedy in the event of prejudicial procedural defects is equally unavailing. The defendant has cited us to no authority for such a holding. Several recent cases have recognized the proposition that a finding by the NRAB of a denial of a fair and impartial hearing would support an award of reinstatement. Butler v. Thompson, 192 F.2d 831 (8 Cir. 1951); D'Amico v. Pennsylvania Railroad, 191 F.Supp. 160 (S.D. N.Y. 1961); D'Elia v. New York, New Haven & Hartford R. R., 230 F. Supp. 912 (D.Conn. 1964). Also without merit is defendant's contention that the NRAB's award is in derogation of the collective bargaining agreement because the agreement authorizes payment of compensation to an engineman only "if the engineman is found not guilty" of disciplinary charges brought against him. Defendant has not contended that

a wrongfully discharged employee is not entitled to reinstatement. The NRAB had before it and decided the question of wrongful discharge. This Court cannot allow the force and effect of that determination to be undermined by collateral attack on technical issues having no direct bearing on the controversy which was taken before the NRAB for decision.

The remaining issues require a brief summary of the evidence. The record shows that there was some confusion at the June 30, 1961, hearing as to who was representing plaintiff. The general chairman of plaintiff's union, a Mr. Iggens, appeared at that hearing, as well as Mr. Charles Warner, an attorney. At the outset, it was stated that Mr. Iggens was representing plaintiff and that Mr. Warner was there to assist him. Subsequently, the hearing officer indicated concern because he had received information that Mr. Warner had been retained by plaintiff to represent him in some personal action against the Railway Company. In response to the hearing officer's effort to clarify the matter of representation, Mr. Warner indicated that plaintiff had requested him to appear at the hearing in his behalf. Mr. Iggens indicated he had no personal knowledge of plaintiff's intentions as to representations, but stated that he would defer to Mr. Warner in view of plaintiff's request that Mr. Warner appear. The hearing officer excluded Mr. Warner from the hearing on the ground that plaintiff could not be represented by two persons.

Regarding the absent witnesses, the evidence shows that the hearing officer stated on June 30, 1961, that plaintiff would be given an opportunity at a later hearing to examine all of the witnesses appearing at the first hearing. Because of a lack of communication, the second hearing was arranged on short notice. Plaintiff's request that the Alton and Southern personnel be present at the hearing was received by the Railway Company only two days before the hearing. An effort was made to secure the presence of these witnesses but they did

not appear. These witnesses were not eye witnesses, but could have testified concerning the status of the Alton and Southern train which was standing on the MacArthur Bridge. Regarding the question of cause, plaintiff's position throughout was that the rules violations by Alton and Southern personnel was the actual and proximate cause of the accident.

■ We find that the NRAB's determination of wrongful discharge is supported by the evidence. Defendant's contention that plaintiff could not have been prejudiced by the alleged procedural defects because his dismissal was based solely on the evidence taken at the January 10, 1962, hearing raised a question of fact which the NRAB has determined. The hearing officer at both hearings was the same, and the records of those hearings indicate that he considered the January 10, 1962, hearing as a continuation of the June 30, 1961, hearing. The NRAB's finding that the two hearings were inextricably interrelated is reasonably supported by the evidence. Beyond that, the NRAB's finding of prejudice is carefully documented in its opinion. We do not intimate that any procedural defect, however slight, would support a finding of prejudice. Ordinarily, prejudice could be found only after evaluating such defects in the context of the entire dispute. It is clear that the NRAB considered the issue in that way. And, we hardly need add that the rights of representation and confrontation, provided for in the collective bargaining agreement, are fundamental rights of the utmost value and importance to an accused employee. Minute consideration of bits and pieces of evidence indicating that plaintiff utilized less than the expected vigilance to protect his own rights and placed the Railway Company in something of a quandary by reason of his confusing conduct, cannot be allowed to overshadow the central factor that the Railway Company runs these hearings and owes the accused employee a contractual duty to see that he receives a fair and impartial hearing. There is sufficient evidence to support the finding that plaintiff was prejudicially deprived of his right to representation and to confront witnesses called by the Railway Company.

■ We turn now to the question of the monetary award. The plaintiff contends he should be allowed $24,559.07. This figure was computed on the basis of base pay, lunch penalty, and extra pay for third engine and overtime. Plaintiff would have been number three in seniority during the period January 8, 1962, to December 7, 1964. The engineers holding the number one and two seniority position earned $23,854.18 and $21,244.37, respectively, during this period. The engineer holding the number four seniority position, who in effect replaced plaintiff on the seniority ladder, received $20,775.12. The Court is of the opinion that the only reasonable basis for computing monetary award is to allow plaintiff the same compensation as that received by the employee who replaced him. Accordingly, judgment shall be entered for plaintiff in the amount of $20,775.12.