**Barney CIACCIO, Plaintiff,**

v.

**EASTERN AIR LINES, INC. and International Association of Machinists and Aerospace Workers, Defendants.**

No. 72 C 49.

United States District Court,
E. D. New York.

Feb. 26, 1973.

Robert H. Garvar, Brooklyn, N. Y., for plaintiff.

W. Glen Harlan, New York City by Lloyd Sutter (Gambrell, Russell, Killorin, Wade & Forbes, Atlanta, Ga., and Richard P. Magurno, New York City, of counsel), for defendants.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

Plaintiff, a former employee of defendant Eastern Air Lines, Inc. ("Eastern"), originally instituted this action in the New York Supreme Court for Kings County. The complaint alleges that a System Board of Adjustment hearing and award which upheld plaintiff's discharge by Eastern under a union agreement denied him constitutional rights and was unlawful. The relief sought includes the vacating of his discharge and the hearing and reinstatement of plaintiff with payment of all salaries and benefits of which he was allegedly deprived.

Eastern removed the action to this court invoking jurisdiction conferred by the Railway Labor Act as made applicable to air carriers, 45 U.S.C. § 151, et seq. Thereafter Eastern moved for summary judgment dismissing the complaint pursuant to Rule 56, F.R.Civ.P. For the reasons which follow the motion is granted.

The following facts are undisputed. Plaintiff, a member of the International Association of Machinists and Aerospace Workers (IAMAW), was employed by Eastern as a ramp agent from January 13, 1962 until October 29, 1971. On October 29, 1971 plaintiff was seen by his supervisor, Frank Eckmuller, and a fellow employee removing a box containing money from an Eastern 747 baggage container which had been loaded for an outgoing flight to San Juan. Investigation established that the box came from a passenger's checked bag which had been slit open. Ciaccio's explanation of his possession of the box was considered unsatisfactory and his services were immediately terminated.

Plaintiff filed a timely written appeal for investigation of the propriety of his discharge pursuant to Article 18 of the Eastern Air Lines-IAMAW collective bargaining agreement. At the time of his demand plaintiff granted IAMAW power of attorney to represent him before the Systems Adjustment Board ("Board"), the tribunal established under the collective bargaining agreement to hear and determine such grievances.

45 U.S.C. § 184.[1] The Board conducted a hearing on November 18, 1971, at which plaintiff appeared and testified, accompanied by IAMAW District Chairman Coughlin as his representative. The Board concluded in a written opinion and award that Ciaccio's explanation of the incident was unconvincing and held that his discharge was not in violation of the agreement between the union and Eastern. No stenographic record was made of the hearing.[2]

Plaintiff thereafter filed this suit in the State court alleging that the hearing before the Board was invalid and illegal because he was neither represented by an attorney nor advised of his right to have counsel present and to have stenographic minutes taken by a "court reporter." While these contentions are repeated by plaintiff in opposing Eastern's motion, his claim for relief has been considerably altered. Here, he requests that the proceeding be remanded to the Board with a direction for a new hearing at which "plaintiff can be represented by an attorney, have stenographic minutes taken, submit witnesses in his behalf and take all other necessary legal steps to protect his rights." [3]

■■ The Eastern-IAMAW labor agreement, the source of plaintiff's rights as an employee, expressly provides in Article 19(K) that "[d]ecisions of the Board . . . shall be final and binding upon the parties to the dispute." [4]

That provision accords with the mandate of the Railway Labor Act, 45 U.S.C. §§ 151, 184, that minor disputes affecting employees of air and rail carriers are to be finally settled by an arbitral tribunal such as the Board in this case. Disputes involving claims of wrongful discharge fall directly in this category. See Andrews v. Louisville & Nashville R. Co., 406 U.S. 320, 322, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972), reviewing the prior decisions; Dominquez v. National Airlines, Inc., 279 F.Supp. 392 (S.D.N.Y. 1968). Once an issue is litigated on its merits before the Board it may not be relitigated in another judicial proceeding. Union Pacific Railroad Co. v. Price, 360 U.S. 601, 79 S.Ct. 1351, 3 L.Ed.2d 1460 (1959). The Board's findings of fact are final and judicial review is limited to that provided for in the Act. 45 U.S.C. § 153(1)(q).[5] Gunther v. San Diego & A. E. Railroad Co., 382 U.S. 257, 86 S.Ct. 368, 15 L.Ed.2d 308 (1955).

■■ Plaintiff's claims and contentions are wholly insufficient to satisfy the statutory grounds for setting aside the Board's award or remanding the matter to the Board for further hearing. There is no constitutional right to be represented by counsel at a Board hearing. D'Elia v. New York, New Haven & Hartford Railroad Co., 230 F.Supp. 912, 916 (U.S.D.C.Conn.), aff'd, 338 F.2d 701 (2 Cir. 1964).

Section 3 of the Act, 45 U.S.C. § 153, First (j), relied on by plaintiff, makes it perfectly clear that

---

1. Only a single question was presented to the Board: "Was Eastern Air lines, Inc. justified in terminating the employment of Mr. Barney Ciaccio?" Eastern Motion for Summary Judgment, Exh. 1.

2. No stenographic record was made because of IAMAW's prior written request to the Board that court reporters not be present for "discharge cases" unless the union notified the Board that a reporter "is deemed necessary." Eastern Motion for Summary Judgment, Exh. 3.

3. Affidavit of Robert H. Garvar, plaintiff's attorney, p. 6.

4. Eastern Motion for Summary Judgment, Exh. 2.

5. 45 U.S.C. § 153(1)(q) reads in pertinent part:
"On such review, the findings and order of the division shall be conclusive on the parties, except that the order may be set aside, in whole or in part, or remanded to the division, for failure of the division to comply with the requirements of this chapter, for failure of the order to conform, or confine itself to matters within the scope of the division's jurisdiction, or for fraud or corruption by a member of the division making the order."

"Parties may be heard either in person, by counsel, or by other representatives, *as they may respectively elect.* . . ." (Emphasis supplied.)

The Eastern-IAMAW labor agreement, *supra* n. 4, provides in Article 19(I) that "[e]mployees covered by this Agreement may be represented at Board hearings by such person or persons as may be chosen by the certified bargaining agent. . ." Here, as noted *supra* p. 3, plaintiff elected in writing to be represented by his union district chairman.

■ Plaintiff cannot escape the clear holding of *D'Elia, supra,* by asserting that the underlying basis for his dismissal was the commission of the crime of theft or attempted theft. The right to counsel guaranteed by the ruling in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), relates to criminal prosecutions and the protection of Fifth Amendment rights. It has no application to arbitration proceedings under the Act. In such proceedings the criminal guilt or innocence of the employee is not in issue; only the right of the employer to discharge the employee.

■ Plaintiff's next contention is equally untenable. Since the Supreme Court's decision in Andrews v. Louisville & Nashville R. Co., *supra,* there is no longer an option to sue at law for wrongful discharge and bypass the Board's jurisdiction over such disputes. Hence he was not deprived of counsel's advice that he might refuse to pursue the remedy provided by his labor agreement and thus preserve his right to sue in court.

■ Plaintiff's final contention that absence of a court reporter violated his constitutional rights is also unsupported. He has cited no authority for this claim and the court has been unable to find any. While the Eastern-IAMAW agreement does provide for a reporter at hearings before the Board "[o]n the request of either party", with both parties to share the expense, no such request was made and no reporter was present because of a general request of the union in May 1970.

Accordingly, it is ordered that Eastern's motion for summary judgment dismissing this action be granted.