489 F.2d 1032
 85 L.R.R.M. (BNA) 2446, 73 Lab.Cas. P 14,334
 INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS AND
ASBESTOS WORKERS, LOCAL 66, AFL-CIO, Plaintiff-Appellee,
v.
LEONA LEE CORP., INSULATION & Specialties, Inc., and Jack
Tillery,Defendants-Appellants.
 No. 73-1784.
 United States Court of Appeals, Fifth Circuit.
 Feb. 22, 1974, Rehearing Denied March 26, 1974.
 
 J. F. Hulse, Stephen B. Tatem, Jr., El Paso, Tex., for defendants-appellants.
 Tom Upchurch, Steve F. Scott, Jr., Amarillo, Tex., Jack N. Price, Longview, Tex., Buddy Wright, Fort Worth, Tex., for plaintiff-appellee.
 Before RIVES, WISDOM and MORGAN, Circuit Judges.
 LEWIS R. MORGAN, Circuit Judge:
 
 
 1
 In November of 1970, this court affirmed an order of the United States District Court for the Western District of Texas ordering arbitration between the Leona Lee Corporation and the International Association of Heat and Frost Insulators and Asbestos Workers, Local 66, AFL-CIO.[1] Arbitration took place. The union sought and was granted enforcement of the arbitrator's award by the district court. The Leona Lee Corporation now appeals that enforcement order. We affirm the well-reasoned decision of the lower court.
 
 
 2
 The factual background leading up to the arbitration order is clearly set out in our prior opinion and need not be fully repeated here.[2] On January 20, 1970, the matter was submitted to the Trade Board in Amarillo, Texas, pursuant to the district court order. The Trade Board deadlocked; therefore, an arbitrator was appointed by the parties in accordance with the district court's order. Arbitration hearings began on January 12, 1972; 1,300 pages of testimony were taken, numerous exhibits of varying lengths were presented, and both sides filed two sets of briefs. Nineteen months later, the arbitrator rendered his decision in favor of the union. The district court wrote a knowledgeable 25 page memorandum opinion enforcing the arbitrator's decision. The corporation appeals, alleging six specific errors by the court below.
 
 
 3
 In a suit to enforce an arbitration award, the court's role is very narrow. It cannot review the merits of the award, even in deciding the question of arbitrability, nor can the court attempt to interpret the collective bargaining agreement. United States Steel Workers of America v. Enterprise Wheel and Car Corporation, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). Insofar as the arbitrator's decision concerns interpretation of the collective bargaining agreement, the courts cannot overrule the arbitrator because their interpretation of the agreement is different or because they disagree with the arbitrator's fact findings. International Brotherhood of Pulp, Sulphite & Papermill Workers v. St. Regis Paper Company (5 Cir. 1966), 362 F.2d 711.
 
 
 4
 This court has carefully reviewed all of Leona Lee's contentions of error and finds none of those six contentions to have merit. The decision of the district Court is hereby
 
 
 5
 Affirmed.
 
 
 
 [1]
 See 434 F.2d 192 (5 Cir. 1970)
 
 
 [2]
 The appellant-employer, Leona Lee, entered a labor contract with the appellee-union, International Association of Heat & Frost Insulators and Asbestos Workers, Local 66. Local 66 later filed suit for breach of contract, alleging payscale discrepancies. The suit was settled and the parties entered into an agreement on March 15, 1966. That agreement provided that Leona Lee, a nonunion contractor, would transfer all of its assests to I & S, a union contractor, who would then sign a collective bargaining agreement with a different local of the Asbestos Workers Union. The transfer of assets took place and a collective bargaining agreement was signed. I & S then transferred all of its assets to other newly formed nonunion companies and went out of business. Local 66 filed suit in 1967, contending that Leona Lee violated the settlement agreement by transferring its assets to I & S, who then went out of business. The district court determind that the matter should be submitted to the Trade Board and if not resolved there, to an arbitrator. Leona Lee appealed this decision, and the Fifth Circuit affirmed the district court. The Trade Board deadlocked. The arbitrator then awarded damages of approximately $45,000 to the union. The district court upheld this award. Leona Lee then appealed to the Fifth Circuit