Morris W. FRANKLIN,
Plaintiff-Appellant,

v.

CROSBY TYPESETTING COMPANY
and International Typographical
Union, Defendants-Appellees.

No. 76–1588.

United States Court of Appeals,
Fifth Circuit.

March 1, 1978.

Rehearing and Rehearing En Banc
Denied March 27, 1978.

Huey P. Mitchell, Fort Worth, Tex., for plaintiff-appellant.

Wm. O. Callaway, Jr., Fort Worth, Tex., for Crosby Typesetting Co.

Edward B. Cloutman, III, Dallas, Tex., for Intern'l Typographical Union.

Before WISDOM, GODBOLD, and CLARK, Circuit Judges.

PER CURIAM:

The plaintiff, Morris Franklin, a discharged printer's apprentice, brought this action against his union and his former employer, alleging that his employer and the union discriminated against him because of his race, and that his union failed to represent him adequately. He charged violations of his civil rights under Title VII, 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1981, and, as to the union only, violation of the National Labor Relations Act, 29 U.S.C. § 151 et seq. After a non-jury trial the district court dismissed the complaint. We affirm for the reasons set forth by the district court in its memorandum opinion, reported at 411 F.Supp. 1167, 1976 N.D.Tex.

We think it helpful to add a few words to the district court's discussion of the National Labor Relations Act contention. Franklin alleged that the union violated the duty of fair representation which it owed him. To constitute such a violation, the union's actions must have been arbitrary, discriminatory, or in bad faith. Vaca v. Sipes, 1967, 386 U.S. 171, 190, 86 S.Ct. 1863, 16 L.Ed.2d 680. The district court construed the collective bargaining agree-

ment to require a discharged employee to request written reasons for his discharge within 72 hours. Because Franklin failed to do this, the court ruled that the union could not have pressed his grievance under the contract.

█ Although the effect of the district court's construction of the collective bargaining agreement was harsh, in the circumstances of this case we agree with the court's disposition of the appellant's argument. Franklin did not complain to the union about his discharge until 43 days after he was fired. The union then discussed his case with the employer. The employer, not the union, cited the 72-hour rule as a bar to consideration of Franklin's complaint. Both the 43-day delay and the actions undertaken by the union on Franklin's behalf show that the union's response was not arbitrary, discriminatory, or in bad faith.

The judgment of the district court is AFFIRMED.