**INTERNATIONAL UNION OF ELECTRICAL, RADIO AND MACHINE WORKERS, AFL–CIO and its Local 1000, Plaintiffs-Appellees,**

v.

**MARKLE MANUFACTURING COMPANY,**
**Defendant-Appellant.**

**No. 78–1477**
**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

Oct. 11, 1978.

Frank S. Manitzas, San Antonio, Tex., for defendant-appellant.

\* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Hardberger, Branton & Herrera, Frank Herrera, Jr., San Antonio, Tex., for plaintiffs-appellees.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

PER CURIAM:

Appellant Markle Manufacturing Company contests the validity of an arbitrator's decision ordering the reinstatement with back pay of two employees dismissed for alleged intimidation of nonunion employees. On cross motions for summary judgment the district court entered an order pursuant to section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, enforcing the arbitrator's award. This is an appeal by Markle from the adverse district court decision.

The collective bargaining agreement between Markle and the Union established the standard for the arbitrator's review of the Company's decisions. Markle contends that the arbitrator erred in his interpretation of the standard mandated by the agreement. Article IX, Section 4, of the agreement reads in pertinent part: "If the Arbitrator finds that the Company had substantial reason for arriving at its decision and for taking action in any matter before him then the Company's decision and/or action shall stand." Markle argues that "substantial reason" defines a standard analogous to the "substantial evidence" standard employed by United States Courts of Appeal in reviewing decisions of the National Labor Relations Board under section 10(e) of the National Labor Relations Act, 29 U.S.C. § 160(e). Under this view the arbitrator could not disturb the Company's decisions unless he found them unsupported by substantial evidence. On consideration of the agreement as a whole the arbitrator rejected this interpretation of the standard of review.

We need not express an opinion on the proper interpretation of the above quoted clause. Interpretation of the collective bargaining agreement, like findings of fact, is a matter within the province of the arbitrator. "[S]o far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his." *United Steelworkers of America v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 599, 80 S.Ct. 1358, 1362, 4 L.Ed.2d 1424 (1960); *Walters v. Roadway Express, Inc.*, 5 Cir., 1977, 557 F.2d 521; *International Association of Heat and Frost Insulators and Asbestos Workers v. Leona Lee Corp.*, 5 Cir., 489 F.2d 1032, cert. denied, 419 U.S. 829, 95 S.Ct. 51, 42 L.Ed.2d 54 (1974). Moreover, in the instant case the arbitrator specifically found that even under the standard advanced by the Company the dismissals failed to pass muster. The judgment is therefore

AFFIRMED.