J. E. Pelaez DEL CASAL, Plaintiff,

v.

**EASTERN AIR LINES, INC., and the Air Line Pilots Association, International, Defendants.**

No. 77–2279 CIV–JAG.

United States District Court,
S. D. Florida.

March 1, 1979.

Larry S. Stewart, Frates, Floyd, Pearson, Stewart, Richman & Greer, P. A., Miami, Fla., David Block, Coral Gables, Fla., for plaintiff.

Carmen L. Leon, William G. Bell, Jr., Miami, Fla. by Carmen L. Leon, Miami, Fla., for defendant Eastern Airlines, Inc.

Manners, Amoon & Whatley by George H. Tucker, Maimi, Fla., for Airline Pilots Assoc., Intern.

## MEMORANDUM OPINION AND ORDER

GONZALEZ, District Judge.

THIS CAUSE is before the Court upon the Motion for Partial Summary Judgment of the Plaintiff, J. E. Pelaez Del Casal ("Casal"); and the Motion for Summary Judgment of the Defendant, Airlines Pilots Association, International ("ALPA"). The Defendant, Eastern Airlines, Inc. ("Eastern") renewed its Motion for Summary Judgment at the hearing of the motions for summary judgment of Casal and ALPA.

The Court finds that the Plaintiff, J. E. Pelaez Del Casal, is entitled to Summary

Judgment as to Count II against the Defendant, Airline Pilots Association, International, based upon a breach of ALPA's duty of fair representation.

The Court further finds that the Defendant, Eastern Airlines is entitled to Summary Judgment as to Count I based upon wrongful discharge.

## I. *THE FACTS*

The Plaintiff, Del Casal, was a pilot employed by the defendant, Eastern. While so employed he was unsuccessful in several attempts to become a member of ALPA. ALPA is the exclusive bargaining agent for Eastern's pilots.

On May 29, 1975, Del Casal was discharged from his employment with Eastern. Del Casal immediately filed a grievance pursuant to the terms of the collective bargaining agreement between ALPA and Eastern. The grievance procedure allows a disciplined or discharged pilot to have his case reviewed by specified high-level company officials. The plaintiff was assisted by an ALPA staff attorney during the initial grievance procedure.

Having failed to reverse his discharge, Del Casal requested ALPA to submit his grievance to the Eastern Airlines Pilots System Board of Adjustment. ("System Board"). The System Board was established under the collective bargaining agreement as required by the Railway Labor Act, 45 U.S.C. § 184, to settle disputes between pilots and Eastern. The System Board is composed of two members selected by Eastern and two members selected by ALPA. The collective bargaining agreement also provides for a fifth neutral member, selected from a pre-composed list of experienced arbitrators, to be seated when the four man board becomes deadlocked. The partisan board members are contractually assured the right to discharge their duties "in an independent manner."

ALPA staff attorney, John Loomos, submitted Del Casal's grievance to the System Board on July 8, 1975. The issue presented to the System Board was whether Eastern was justified in discharging Del Casal for the reasons stated in the letter of discharge dated May 29, 1975. The letter of discharge cited repeated instances of demonstrated incompetence despite warnings and retraining sessions.

Del Casal's position at the System Board was that his discharge was wrongful in two interrelated respects. First, Del Casal contended that Eastern violated the procedural provisions of the bargaining agreement by considering evidence in violation of Section 41(I) which prohibits the use of disciplinary letters over three years old, or letters based upon dissimilar infractions. Second, he contended that based upon the untainted evidence, the termination was not based upon good cause.

Subsequent to the filing of Del Casal's grievance with the System Board by John Loomos, but prior to the actual hearing, the plaintiff was advised by Mr. Loomos, ALPA's staff attorney, that he would not be allowed to represent the plaintiff at the hearing. Mr. Loomos' letter stated, "I was recently advised by the association that I could not represent you at the hearing to be held by the System Board of Adjustment *because you are not a member."* (emphasis added). The letter continued by advising the plaintiff that it would be wise for him to request a continuance and retain the services of an attorney.

On September 12, 1975 David Block, a privately retained attorney, notified the System Board that he would be representing Del Casal at the hearing. On January 8, April 13–14, and June 2, 1976 a four member System Board was convened to consider the dispute between Del Casal and Eastern. At the June 2, 1976 session Del Casal's attorney presented a motion contending that Eastern's discharge was wrongful since it was based upon evidence violative of Section 41 of the collective bargaining agreement.

The four member board deadlocked on the procedural issue of whether Eastern could or could not use certain evidence as a predicate for establishing good cause to terminate Del Casal. On June 29 the four

member board issued its ruling noting that it was deadlocked and that the issue would be presented to a fifth neutral member. On July 2, 1976 David Block informed the board that it was his desire to have *only* the procedural issue decided by the neutral.

On August 10–11, 1976 the five member board convened to determine the procedural issue. Eastern initially submitted evidence and gave legal argument in support of its use of the disputed evidence. Del Casal maintained that said evidence was not admissible under the collective bargaining agreement. Mr. Block was advised that he would be given adequate opportunity to rebut the testimony produced by Eastern. At the close of Eastern's case, however, the System Board met in a closed executive session. The five member board then agreed with plaintiff and decided that Eastern could *not* use evidence not in accordance with Section 41 of the agreement to support its termination of plaintiff.

The four member board thereafter again convened on September 15, 1976 and on January 11–13, 1977 to determine whether Eastern was justified in terminating the plaintiff considering only such evidence as was not in violation of the collective bargaining agreement. On February 7, 1977 the System Board issued a ruling finding that Eastern was justified in terminating Del Casal.

The plaintiff then instituted this action seeking to set aside the decision of the System Board and a de novo review of his claim of wrongful discharge. The plaintiff also presses a claim against ALPA for monetary damages alleging a breach of its duty of fair representation.

In attempting to set aside the decision of the System Board the plaintiff alleges that the System Board hearing denied him procedural due process by not allowing him to rebut the testimony presented by Eastern to the five member board. The plaintiff further argues that the System Board decision is ipso facto not entitled a judicial cloak of finality since it is the result of ALPA's breach of duty to fairly represent him.

## II. DUTY OF FAIR REPRESENTATION

The plaintiff contends that ALPA breached its duty of fair representation by refusing to allow its staff attorney, John Loomos, to represent him at the System Board hearing. ALPA states that it has no duty to furnish grievants an attorney at System Board hearings; and, indeed, that it has no duty to proceed with any grievance that it finds unmeritorious.

■ Although the Court accepts the arguments asserted by ALPA, they are not dispositive of the issue before the Court. It is true that ALPA has no duty to supply a grievant with an attorney at a System Board hearing. *Edwards v. St. Louis—San Francisco Railroad Company*, 361 F.2d 946, 954 (7th Cir. 1966); *Butler v. Thompson*, 192 F.2d 831 (8th Cir. 1951); *Broady v. Illinois Central Railroad Company*, 191 F.2d 73 (7th Cir. 1951), *cert. den.* 342 U.S. 897, 72 S.Ct. 231, 96 L.Ed. 672 (1951); *Brooks v. Chicago, Rock Island & Pacific Railroad Company*, 177 F.2d 385 (8th Cir. 1949); *Ciaccio v. Eastern Airlines*, 354 F.Supp. 1272 (E.D.N.Y.1973); *D'Elia v. New York, New Haven & Hartford Railroad Company*, 230 F.Supp. 912 (D.Conn.1946); *D'Amico v. Pennsylvania Railroad Company*, 191 F.Supp. 160 (S.D.N.Y.1961). See also, *Crusco v. Fisher & Brother, Inc.*, 458 F.Supp. 413, 422 (S.D.N.Y.1978). *Florey v. Air Line Pilots Association, International*, 439 F.Supp. 165 (D.Minn.1977).

■ It is also true that ALPA has no duty to press claims before the System Board on behalf of grievants which it finds in good faith to be without merit. *Ford Motor Company v. Huffman*, 345 U.S. 330, 338, 73 S.Ct. 681, 97 L.Ed. 1048 (1953); *Humphrey v. Moore*, 375 U.S. 335, 349, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964); *Motor Coach Employees v. Lockridge*, 403 U.S. 274, 91 S.Ct. 1909, 29 L.Ed.2d 473 (1971); *Sanderson v. Ford Motor Company*, 483 F.2d 102 (5th Cir. 1973); *Encina v. Tony Lama Boot Company*, 448 F.2d 1264 (5th Cir. 1971); and *Acuff v. United Papermakers and Paperworkers*, 404 F.2d 169 (5th

Cir. 1968). It has been held that a local union official need not even forward a grievance to the union legal department if he, in good faith, believes the claim to be without merit. *Hubicki v. A. C. F. Industries, Inc.*, 484 F.2d 519 (3rd Cir. 1973).

ALPA, however, did process plaintiff's claim and presented it to the System Board. In *N. L. R. B. v. P. P. G. Industries, Inc.*, 579 F.2d 1057, 1059 (7th Cir. 1978), it was recognized that "while a union has a wide discretion in deciding whether to take a grievance to arbitration, once the claim is taken to arbitration, the union must advocate the employee's position."

Furthermore, ALPA does provide attorneys to grievants at their hearings before the System Board. Indeed, it is clear from the letter written by John Loomos, staff attorney for ALPA, and from ALPA's answers to plaintiff's interrogatories, that Mr. Loomos would have represented the plaintiff but for the fact that he was not a union member.

In, *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976) the United States Supreme Court noted the exclusive authority of a bargaining agent to represent the interests of all employees *without regard to union membership*, and stated that "the controlling statutes have long been interpreted as imposing upon the bargaining agent a responsibility equal in scope to its authority, 'the responsibility and duty of fair representation'." *Id.* at 564, 96 S.Ct. at 1056. The *Hines* decision reaffirmed the court's earlier holding in *Vaca v. Sipes*, 386 U.S. 171, 177, 87 S.Ct. 903, 910, 17 L.Ed.2d 842 (1967), that the agent's "statutory authority to represent all members of a designated unit includes a statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." The court continued by stating that "[a] breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory,

or in bad faith." *Id.* at 190, 87 S.Ct. at 916. (emphasis supplied)

It is important to note that the union can breach its duty of fair representation by willfully acting in a manner which is arbitrary *or* discriminatory *or* in bad faith. The Supreme Court has stated these factors in the disjunctive. See, *Burchfield v. United Steelworkers of America, AFL–CIO*, 577 F.2d 1018 (5th Cir. 1978); and *Franklin v. Crosby Typesetting Company*, 568 F.2d 1098 (5th Cir. 1978). Each of these requirements represents a distinct and separate obligation, the breach of which may constitute the basis for civil action. *Griffin v. International Union of United Automobile Workers*, 469 F.2d 181, 183 (4th Cir. 1974). The Sixth Circuit, in *Ruzicka v. General Motors Corporation*, 523 F.2d 306 (6th Cir. 1975) held that bad faith is not an essential element of a claim of unfair representation. "Union action which is arbitrary or discriminatory need not be motivated by bad faith to amount to unfair representation." *id.* at 310.

Likewise the First Circuit, in *deArroyo v. Sindicato de Trabajadores Packinghouse, AFL–CIO*, 425 F.2d 281 (1st Cir.) *cert. den.*, 400 U.S. 877, 91 S.Ct. 117, 27 L.Ed.2d 114 (1970) found that a good faith decision which amounted to arbitrary action by a bargaining agent would support a finding of unfair representation. See also, *Robesky v. Qantas Empire Airways Limited*, 573 F.2d 1082 (9th Cir. 1978); *Savel v. Detroit News*, 435 F.Supp. 329 (E.D.Mich.1977); *Tufts v. United States Postal Service*, 431 F.Supp. 484 (N.D.Ohio 1976); and *Fleming v. Chrysler Corporation*, 416 F.Supp. 1258 (E.D.Mich.1975); cf. *Lowe v. Pate Stevedoring Company*, 558 F.2d 769, 770, fn. 2 (5th Cir. 1977).

Plaintiff argues that ALPA's discriminatory refusal to allow a staff attorney to represent plaintiff at the System Board hearing based upon his non-member status constituted a breach of APLA's duty to fairly represent him.

This Court agrees.

"A union has no more justification to discriminate injuriously in its representation on the ground of non-membership, or instability of membership, or even because of persistent and vocal complaints or other obnoxious behavior, than it has to discriminate on account of skin pigmentation." *Thompson v. Brotherhood of Sleeping Car Porters,* 316 F.2d 191, 199 (4th Cir. 1963); See also, *Goclowski v. Penn Central Transportation Company,* 571 F.2d 747 (3rd Cir. 1977); *Turner v. Air Transport Dispatchers Assoc.,* 468 F.2d 297 (5th Cir. 1972); and *Hughes Tool Company v. N. L. R. B.,* 147 F.2d 69 (5th Cir. 1945), and *Wells v. Southern Airways, Inc.,* 517 F.2d 132 (5th Cir. 1975).

■ Although Congress has given unions broad discretion to select their own policies and rules, *Chrapliwy v. Uniroyal, Inc.,* 458 F.Supp. 252, 282 (N.D.Ind.1977), it did not " 'authorize a tyranny of the majority over minority interests'." *Emporium Capwell v. Western Addition Community Organization,* 420 U.S. 50, 95 S.Ct. 977, 43 L.Ed.2d 12 (1975). While ALPA has the power to determine under what conditions an attorney will be supplied a grievant, non-membership is a factor which can play no part in its decision.

## III. *WRONGFUL DISCHARGE*

Plaintiff alleges that he is entitled to a de novo determination as to Eastern's justification for his discharge, a finding that Eastern lacked good cause to discharge him from employment, and money damages. The defendant contests this Court's jurisdiction to grant the plaintiff a de novo review. 45 U.S.C. § 153, subd. 1(p). To circumvent the cloak of finality accorded a System Board decision, *Eastern Air Lines v. Transport Workers Union, AFL–CIO,* 580 F.2d 169 (5th Cir. 1978), plaintiff argues that he was denied a fair hearing.

In support of this charge plaintiff relies upon (1) the five member board's refusal to hear argument on his procedural motion; and (2) ALPA's breach of its duty of fair representation.

The Court does not believe that the five member board's decision prejudiced plaintiff's cause since in ruling upon his motion the plaintiff prevailed. Indeed, the System Board of Adjustment in its final decision dated February 7, 1977 specifically adopted plaintiff's position when it stated, "In making this ruling, the Board used only that evidence that was not in violation of Sections 29 and 41 of the agreement."

■ As the procedure adopted by the five member board in no way prejudiced plaintiff, this Court will not disturb the System Board decision on this ground. See e. g. *Crusco v. Fisher & Brother, Inc.,* 458 F.Supp. 413, 422 (S.D.N.Y.1978).

Plaintiff further argues that ALPA's breach of its duty of fair representation so tainted the System Board hearing that it render(ed) its decision ipso facto unfair. In addressing this issue, the United States Supreme Court held that a union's breach of duty will remove the bar of finality which protects System Board decisions only "if it seriously undermines the integrity of the arbitral process." *Hines v. Anchor Motor Freights, Inc.,* 424 U.S. 554, 567, 96 S.Ct. 1048, 1058, 47 L.Ed.2d 231.

■■ ALPA did breach its duty of fair representation by not providing the plaintiff with an attorney during the System Board hearing. At that point plaintiff would have been justified in not pursuing further his contract remedies before the System Board. *Hines v. Anchor Motor Freight, Inc., supra.* Plaintiff, however, after having retained his own attorney, elected to continue the prosecution of his claim through the arbitration process. The plaintiff cannot now be heard to complain of the "integrity" of the System Board process because he was represented by a private attorney of his own choosing rather than by a staff attorney supplied by ALPA.

■ The Railroad Labor Act allows only limited judicial review of System Board decisions. *Eastern Airlines, Inc. v. Transport Workers Union, AFL–CIO, supra.* It has been stated that the scope of judicial review is "among the narrowest known to the

law." *Diamond v. Terminal Ry. Alabama State Docks*, 421 F.2d 228, 233 (5th Cir. 1970). The only grounds for setting a System Board decision aside are (1) failure of the board to comply with the act, (2) fraud or corruption, or (3) failure of the order to conform or confine itself to matters within the board's jurisdiction. 45 U.S.C. § 153, subd. 1(a).

 The plaintiff has failed to show facts coming within any of the three exceptions. The decision of the System Board is, therefore, final. *International Union of Electrical Radio & Machine Workers AFL–CIO v. Markle Manufacturing Company*, 582 F.2d 9 (5th Cir. 1978); *General Warehousemen and Helpers Local 767 v. Standard Brands, Inc.*, 579 F.2d 1282 (5th Cir. 1977).

It is thereupon

ORDERED AND ADJUDGED as follows:

(1) Defendant-Airline Pilots Association, International's Motion for Summary Judgment is hereby DENIED.

(2) Plaintiff's Motion for Summary Judgment against the Airline Pilot's Association, International is hereby GRANTED as to liability. The cause will be set for trial as to damages by future order of this Court.

(3) Defendant-Eastern Airline's Motion for Summary Judgment upon plaintiff's claim of wrongful discharge is hereby GRANTED; and Eastern Airlines, Inc. is hereby DISMISSED as a party defendant to this cause.