**WAITERS UNION, LOCAL 781 OF WASHINGTON, D. C., et al., Appellants,**

**v.**

**The HOTEL ASSOCIATION OF WASHINGTON, D. C., et al.**

**No. 73–1299.**

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 28, 1974.

Decided April 15, 1974.

Angelo V. Arcadipane, Washington, D. C., for appellants.

Ronald Rosenberg, Washington, D. C., with whom Henry Kaiser and Samuel Levine, Washington, D. C., were on the brief, for appellee, Joint Executive Bd.

Benjamin Gettler, Cincinnati, Ohio, with whom Jonas B. Katz, Cincinnati, Ohio, and Louis Ginberg, Washington, D. C., were on the brief, for appellee, International Union.

Burton A. Schwalb, Washington, D. C., with whom Allen G. Siegel, Ronald L. Tish and Stanley J. Brown, Washington, D. C., were on the brief, for appellees Hotel Assn. of Washington et al.

Before TAMM and LEVENTHAL, Circuit Judges, and GEORGE L. HART, Jr.,* United States District Judge for the District of Columbia.

LEVENTHAL, Circuit Judge:

This was an action brought by Waiters Union, Local 781 of Washington, D. C. against The Hotel Association of Washington, D. C., Hotel Restaurant Employees and Bartenders International Union, AFL–CIO ("International Union") and the Joint Executive Board of Hotel and Restaurant Employees and Bartenders International Union, AFL–CIO, of Washington, D. C. ("Joint Board"). Briefly, it is claimed that in reversing a previous position and in endorsing a negotiating position giving local bartenders a participation in gratuities paid by customers at receptions, previously available only to banquet waiters, the International Union violated its duty of fair representation under section 9 of the National Labor Relations Act, 29 U.S.C. § 151 et seq. It is further alleged that this position was inconsistent with a provision of the contract between the Joint Board and the Hotel Association; that by implementing the controversial plan the Hotel Association breached its contract; and that in failing to certify for arbitration Local 781's claim of a grievance under the contract, the Joint Board violated its duty of fair representation.

The District Court directed verdict for defendants after completion of the plaintiff's case. (Appendix, 299). The central question arises in the action against the International Union, whether the District Court took full account of the pertinent rule of law, declared in Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), as to the scope of the obligation of the union, cor-

---

* Sitting by designation pursuant to 28 U.S.C. § 292(a).

ollary to the doctrine of fair representation, "to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." 386 U.S. at 177, 87 S.Ct. at 910. We see no abuse of discretion or error of law.

■ As to the claim against the International Union, there was no evidence of personal animosity or hostility toward plaintiff Waiters' Union, Local 78, Washington, D. C., its officers or members. Stipulation, A. 24. The doctrine of fair representation must be applied realistically in the context in which union officials resolve internal disputes, even though a decision in favor of one local or faction, here Bartenders Union, Local 75 of Washington, D. C., arouses keen resentment in the hearts of the other, here the plaintiff Waiters.

■ The Waiters claim they were not given due hearing. The duty of fair representation implies some consideration of the position of the members involved. As much can be said for any parent who must resolve a quarrel between brothers. But there is no requirement of formal procedures. The fiduciary principle precludes arbitrary conduct, but it must not be stretched so as to "judicialize" the conduct of the affairs of the Union, and to cut athwart a common sense and practical approach toward resolution of problems and disputes that is fair in its essence without being rigid in its procedures.

■■ In the present case there can be no doubt that in fact the officers of the International Union were apprised of the position of the Waiters and gave it due consideration. Indeed, in 1966 the International Union rejected the request of the local bartenders that they be given a participation, along with banquet waiters, in gratuities paid by customers at receptions. This did not bind the Union to continue to reject that position. After the bartenders appealed the issue in 1969, Mr. Miller, the International Union's general president, spoke to Mr. Karath, chief executive officer of Local 781, a number of times on the telephone, and Mr. Karath stated reasons why the appeal should be dismissed (Stipulation, A. 24). While Mr. Miller ordered the Joint Board to put forward a tip-sharing claim in negotiations with the Hotel Association on March 14, 1969, it was not until after a long meeting with Mr. Karath on July 26, 1969, that Mr. Harvey Morse, for the Union, advised the Hotel Association of Washington, D. C. that this was not a matter for the Hotel Association, but an internal matter for the Union.

While it would have been better practice, in view of the fact that International Union was reversing a previous position, to have scheduled a conference with the Waiters Local before Mr. Miller framed the issues to be submitted for negotiation, the Waiters Local did not present substantial evidence that there was no meaningful or adequate opportunity for consideration of their position. Nor is there any basis for speculating that the consideration given to the Waiters was only perfunctory. The context of this case is that Mr. Miller's 1966 rejection of the Bartender's claim was on the ground that it "would set a bad precedent" for bartenders' unions elsewhere in the United States (A. 333–4). After that came the bartenders' submission of the practice of tip-sharing in other cities. And Mr. Karath admitted at trial that in banquet cities that he had previously identified as denying tip-sharing there was in fact tip-sharing.

As to the claim against the Joint Board and the Hotel Association, there was certainly nothing arbitrary about their position that the contract precluded the presentation of a claim against the Hotel Association, which was flatly assured in contract negotiations that the issue would involve no additional expense to the hotel owners. The provision in Section 20, Article XIII of the

collective bargaining agreement * was considered to be applicable only in areas not specifically governed by express provisions in the agreement. This view was entirely reasonable, as was the corollary view that the Joint Board could not in good conscience put forward a claim under the contract or a request for arbitration.

We have no occasion to consider whether plaintiff's claim was of a nature that would have entitled it to a jury trial if substantial evidence in support of the claim had been adduced.

Affirmed.

---

* "No employee shall suffer a reduction in salary, adverse change in working conditions, or the loss of any benefit now enjoyed by him or her as a result of this Agreement . . . ." (A. 318).