503 F.2d 842
 87 L.R.R.M. (BNA) 3124, 75 Lab.Cas. P 10,449
 Jan BURES, Plaintiff-Appellee,
v.
The HOUSTON SYMPHONY SOCIETY, Defendant-Appellant, Houston
Professional Musicians Association, Local No. 65,
Lawrence Foster and Paul Ellison, Defendants.
No. 74-2605 Summary Calendar.*
*Rule 13, 5th Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of N.Y. et al., 5th Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Nov. 11, 1974.
 
 Robert S. Bambace, Neil G. Martin, Houston, Tex., for defendant-appellant.
 Ronald D. Cohen, Houston, Tex., for plaintiff-appellee.
 W. Wiley Doran, Houston, Tex., for Local No. 65.
 Before GEWIN, GODBOLD and CLARK, Circuit Judges.
 CLARK, Circuit Judge:
 
 
 1
 Appellee Bures, a utility French horn player, filed suit in the United States District Court for the Southern District of Texas for damages and equitable relief against his employer, the Houston Symphony Society (Symphony), and his union, the Houston Professional Musicians Association, Local No. 65 (Union), alleging that his employment rights under the union contract were prejudiced by the conduct of the Symphony and the Union.
 
 
 2
 Pursuant to the terms of a collective bargaining agreement entered into by the Symphony and the Union, the Symphony may elect not to renew the contract of a musician whom the Symphony conductor finds to be lacking in musical competence. The conductor must give written notice of non-renewal to the musician, who, in turn may appeal to the Players Committee, a group composed of nine musicians chosen by the members of the orchestra. The decision of the Players Committee is final and binding. Accordingly, the conductor notified Bures in writing of the proposed termination of his employment. Bures appealed to the Players Committee, which requested that he audition before it. Bures refused to appear. After further investigation,[1] the committee denied the appeal.
 
 
 3
 The district judge granted a preliminary injunction restraining the defendants from discharging Bures after concluding that Bures had demonstrated a reasonable probability of success upon a hearing on the merits, having offered at least a prima facie case of violation of the duty of fair representation by the Union, and that irreparable injury would result if a preliminary injunction was not ordered. The record in this case contains no evidence of a breach by the Union of its duty to fairly represent the appellee, nor does it disclose that appellee would have suffered irreparable injury if the injunction had not been ordered.
 
 
 4
 The district judge apparently misconstrued the requirements governing a union's duty of fair representation. In determining the validity of a grievance, a union is not required, as intimated by the district judge, to employ those due process procedures necessary to satisfy the Fourteenth Amendment. In the absence of some unusual circumstance, a grievance-procedure agreement between union and private employer involves no state or federal action, therefore neither the Fourteenth or Fifth Amendments would be applicable. See, e.g., United States v. Guest, 383 U.S. 745, 86 S.Ct. 1170, 16 L.Ed.2d 239 (1966); and Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964).
 
 
 5
 'There is no requirement of formal procedures. The fiduciary principle precludes arbitrary conduct, but it must not be stretched so as to 'judicialize' the conduct of the affairs of the Union, and to cut athwart a common sense and practical approach toward resolution of problems and disputes that is fair in its essence without being rigid in its procedures.' Waiters Union, Local 781 v. Hotel Ass'n, 498 F.2d 998, 1000 (D.C.Cir. 1974). '(A) breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith.' Vaca v. Sipes, 386 U.S. 171, 190, 87 S.Ct. 903, 916, 17 L.Ed.2d 842 (1967). 'A wide range of reasonableness must be allowed a statutory bargaining representative in serving the unit it represents, subject always to complete good faith and honesty of purpose in the exercise of its discretion.' Ford Motor Co. v. Huffman, 345 U.S. 330, 338, 73 S.Ct. 681, 686, 97 L.Ed. 1048 (1953). This rule of allowing unions discretion in the adoption and application of grievance procedures has been adhered to by this circuit in prior decisions. E.g., Turner v. Air Transport Dispatchers' Ass'n, 468 F.2d 297 (5th Cir. 1972) (Unions have considerable discretion to control the grievance and arbitration procedure.); and Stewart v. Day & Zimmerman, Inc., 294 F.2d 7 (5th Cir. 1961) (Union officials are given wide discretion and latitude in representing employee grievances.).
 
 
 6
 The district judge concluded that the Players Committee failed in its duty to appellee by agreeing to deny his appeal after only a perfunctory investigation in exchange for the conductor's guaranty that another musician would be hired to replace the appellee. However, the record reveals only that the replacement guaranty was a condition precedent to the committee's agreement to investigate appellee's musical capabilities. There is no evidence that the committee's subsequent evaluation of appellee was tainted by its extraction of this collateral agreement. The proof does disclose that ten months prior to the present incident, the conductor similarly notified Bures of his dismissal and Bures appealed to the Players Committee. At this time the committee learned that if Bures' appeal was denied the Symphony did not plan to replace him with another horn player. Thereupon, the committee, without investigation, upheld Bures' appeal and his employment continued. While this insistence upon an extraneous guarantee of maintaining the French horn section at its six-player level was detrimental to the Symphony's rights, it does not, without more, establish arbitrariness, discrimination or bad faith on the part of the local union in assessing the appellee's competence.
 
 
 7
 To meet his burden of showing a reasonable probability of success upon the merits, Bures must prove arbitrary or bad faith conduct (the absence of honest purpose and judgment or the presence of hostility or discrimination) by the union. Vaca v. Sipes, supra, 386 U.S. at 193, 87 S.Ct. at 918. His proof of unfair representation must demonstrate 'substantial evidence of fraud, deceitful action or dishonest conduct.' Amalgamated Ass'n of Street Employees v. Lockridge, 403 U.S. 274, 299, 91 S.Ct. 1909, 1924, 29 L.Ed.2d 473 (1971), reh. denied, 404 U.S. 874, 92 S.Ct. 24, 30 L.Ed.2d 120 (1972). The subjective suspicions aroused by the Players Committee's actions do not rise to this level.
 
 
 8
 The district judge further erred in concluding that appellee would suffer irreparable injury if not granted the preliminary injunction. Appellee proved only that he will suffer loss of wages under the contract during the period prior to a decision of this controversy upon the merits. If he should prevail on the merits, the sum of earnings lost can be easily ascertained and granted to him. Appellee has failed to meet his burden of showing that he will suffer irreparable injury for which an adequate remedy at law does not exist. See Brittingham v. United States Commissioner of Internal Revenue, 451 F.2d 315, 318 (5th Cir. 1971).
 
 
 9
 We expressly pretermit any decision as to the Players Committee's status as an agent of the local union.
 
 
 10
 The preliminary injunction appealed from is
 
 
 11
 Vacated.
 
 
 
 [1]
 A list of highly technical musical questions relating to Bures' musical competency were drawn up and asked individually to the other five members of the French horn section and to two members of the brass section who were familiar with Bures' playing abilities. After reviewing the responses to these questions, the Committee, by secret ballot, voted to deny his appeal