577 F.2d 1018
 99 L.R.R.M. (BNA) 2223, 17 Empl. Prac. Dec. P 8519,
84 Lab.Cas. P 10,738
 Floyd BURCHFIELD et al., Plaintiffs-Appellants,
v.
UNITED STEELWORKERS OF AMERICA, AFL-CIO, et al., Defendants-Appellees.
 No. 77-3228
Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Aug. 7, 1978.
 
 John H. Alsbrooks, Jr., W. A. Jenkins, Jr., Birmingham, Ala., for plaintiffs-appellants.
 George C. Longshore, Birmingham, Ala., for United Steelworkers.
 William F. Gardner, W. Kenneth Thomas, Birmingham, Ala., for Continental Can.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before RONEY, GEE and FAY, Circuit Judges.
 PER CURIAM:
 
 
 1
 The summary judgment entered by the trial court in favor of the defendants is affirmed on the basis of the Memorandum Decision of July 25, 1977, appended hereto.
 
 MEMORANDUM DECISION
 
 2
 LYNNE, District Judge.
 
 
 3
 This cause is before the Court on the defendants' motions for summary judgment. Having considered the motions, the pleadings, the affidavits submitted by the parties, the stipulation of facts entered into by the parties, and the briefs of counsel, the Court concludes that there is no genuine issue as to any material fact and that the case is appropriately to be resolved by summary judgment.
 
 
 4
 The case is based on the theory that a consolidation of the seniority lists at two plants violated the Union's duty of fair representation and breach the collective bargaining agreement. The facts, briefly summarized, are that the plaintiffs are or were employed at a Continental Can Company ("the Company") plant known as Plant 4 and are members of the United Steelworkers of America ("the Union") and its Local Union No. 4627. In 1974, the Company and the Union entered into an agreement combining the seniority lists at Plant 4 and another plant known as Plant 4A. It is stipulated that this seniority consolidation was in response to a charge of discrimination filed with the Equal Employment Opportunity Commission by an employee at Plant 4A and in furtherance of the equal employment opportunity policies of the Company and the Union. After efforts to secure the rescission of the seniority consolidation agreement through the grievance procedure and the National Labor Relations Board had failed, the plaintiffs instituted this lawsuit.
 
 
 5
 The gravamen of the plaintiffs' complaint is that the Union violated its duty of fair representation by entering into the seniority consolidation agreement and by thereafter not acceding to requests from Union members to rescind the agreement and negotiate with the Company to revert to separate seniority lists at Plant 4 and Plant 4A.
 
 
 6
 The settled principle which governs the case is that "A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective unit is arbitrary, discriminatory, or in bad faith." Vaca v. Sipes, 386 U.S. 171, 190, 87 S.Ct. 903, 916, 17 L.Ed.2d 842 (1967). See also Humphrey v. Moore, 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964); Amalgamated Association of Street, Electric Railway & Motor Coach Employees v. Lockridge, 403 U.S. 274, 91 S.Ct. 1909, 29 L.Ed.2d 473 (1971); Bures v. Houston Symphony Society, 503 F.2d 842 (5th Cir. 1974); Tedford v. Peabody Coal Co., 533 F.2d 952 (5th Cir. 1976); Craig v. Bemis Co., 374 F.Supp. 1251 (S.D.Ala.1974), aff'd, 517 F.2d 677 (5th Cir. 1975).
 
 
 7
 In the present case, the seniority consolidation agreement was entered into in response to the actions of the Union and the Company to comply with the obligations of employers and labor unions to provide equal opportunities in employment. There is nothing from which it could be inferred that the Union was motivated by anything other than this legitimate consideration in entering into the seniority agreement or in not acceding to requests to negotiate with the Company to rescind the agreement and revert to separate seniority lists. The challenged actions of the Union were based on legitimate and good faith considerations and were neither arbitrary nor discriminatory nor in bad faith.
 
 
 8
 The plaintiffs' claim against the Company is that the Company violated the collective bargaining agreement by entering into the seniority consolidation agreement and by thereafter declining to accede to the requests of Union members to rescind the agreement. Since the seniority consolidation agreement was entered into with the Union as the bargaining representative of the employees and since the claim asserted against the Company is derivative to the claim asserted against the Union, the finding that the Union's actions were not arbitrary, discriminatory, or in bad faith is dispositive of the plaintiffs' claim against the Company.
 
 
 9
 The Court is well aware of the resentment and disappointment which may exist among employees whose seniority standing in a work force is altered by actions taken in response to equal employment opportunity programs. But it simply cannot be said, on the facts of this case, that there was any trace of any arbitrary, discriminatory, or bad faith conduct. Compare Tippett v. Liggett & Myers Tobacco Co., 402 F.Supp. 934 (M.D.N.C.1975) ("Clearly, a union cannot be liable for failure to render fair representation by collectively bargaining for a seniority system which complies with Title VII - - -."). The position of the plaintiffs in this case has been ably and forcefully presented by their attorney, but the facts do not sustain any inference of the legal standards required for the maintenance of this action.
 
 
 10
 Accordingly, being of the firm opinion that there is no genuine issue as to any material fact and that on the undisputed facts the defendants are entitled to judgment as a matter of law, summary judgment is due to be entered in favor of defendants.
 
 
 11
 DONE this the 25th day of July, 1977.
 
 
 
 *
 Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I