PER CURIAM:
There is a single issue raised on this appeal from denial of a post conviction motion for a new trial. Defendants contend that at the post trial evidentiary hearing the trial judge did not sufficiently inquire into a witness’s claim of the privilege against self-incrimination.
The defendants alleged, by way of motion for new trial based on newly discovered evidence, that their Fifth Amendment right to due process of law and their Sixth Amendment right to effective assistance of counsel had been violated by the intrusion of a government informer into the “defense-camp.” The claim was founded upon the principles set forth by the United States Supreme Court in Weatherford v. Bursey, 429 U.S. 545, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977).
At the evidentiary hearing, the informant invoked his Fifth Amendment privilege. The trial court generally sustained the claim, but required the informant to answer some questions.
We have held that where a witness asserts he cannot testify for fear of self-incrimination, the trial judge must determine the validity of the claim. United States v. Gomez-Rojas, 507 F.2d 1213, 1219-1220 (5th Cir.), cert. denied, 423 U.S. 826, 96 S.Ct. 41, 46 L.Ed.2d 42 (1975). See Hoffman v. United States, 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118 (1951). Although the trial court’s discretion is not unlimited, it must enjoy wide discretion .in resolving a self-incrimination claim. United States v. Melchor Moreno, 536 F.2d 1042, 1050 (5th Cir. 1976).
In this ease, the judge at the evidentiary hearing had also presided at the origi *1018 nal trial when defendants were tried and convicted. He possessed a working knowledge of the facts, witnesses and evidence involved in this case. The inquiries directed at the informant concerning his communications to a government agent about conferences between defendants and their attorneys in preparation for defense of a criminal conspiracy presented a strong setting for validating a self-incrimination claim.
To sustain the privilege, it need only be evident from the implications of the question, in the setting in which it was asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result. The trial judge in appraising the claim “must be governed as much by his personal perception of the peculiarities of the case as by the facts actually in evidence.”
Hoffman v. United States, supra, 341 U.S. at 486-487, 71 S.Ct. at 818.
Although a more particularized inquiry and articulation of reasons for sustaining the validity of the claim would have been helpful, such is not essential in view of the trial judge’s familiarity with the facts involved. Judged by the abuse of discretion standard of review, we cannot say that the limited inquiry made by the trial judge was insufficient.
The denial of the motion for a new trial is AFFIRMED.