Julian ENCINA, Plaintiff-Appellant,

v.

TONY LAMA BOOT COMPANY, Inc.,
et al., Defendants-Appellees.

No. 30907.

United States Court of Appeals,
Fifth Circuit.

Sept. 24, 1971.

Fred O. Weldon, Jr., El Paso, Tex.,
for plaintiff-appellant.

L. N. D. Wells, Jr., Dallas, Tex.,
Woodrow W. Bean, El Paso, Tex., David
R. Richards, Atty., Austin, Tex., Mulli-
nax, Wells, Mauzy & Collins, Dallas,
Tex., for defendants-appellees.

Before GOLDBERG, GODBOLD and
RONEY, Circuit Judges.

PER CURIAM:

Julian Encina brought suit against his
employer and his union seeking reinstate-
ment to his job with back pay and re-
stored seniority.[1]  Alternatively, plain-
tiff requested that a special master be
appointed to act as a professional arbi-
trator of his grievance under the collec-
tive bargaining agreement between the
employer and the union.  In the further
alternative, he asked that the defendants
be ordered to comply with the arbitra-
tion provisions of that agreement and
that the union be ordered to process the
grievance through arbitration at union
expense.

We affirm the decision of the district
court granting summary judgment for
the defendants.  The material facts and
conclusions of law are fully set forth in
Encina v. Tony Lama Company, 316 F.
Supp. 239 (W.D.Tex.1970), and need not
be reiterated.

Although it was not a primary
target on this appeal, we have consid-
ered whether summary judgment was
appropriate where the employee raised
an issue of bad faith and arbitrary con-

---

1. Suit was brought under § 301 of the Labor-Management Relations (Taft-Hartley) Act, 29
U.S.C. § 185.

duct on the part of the union in failing to prosecute the employee's grievance through arbitration. Our court has held that the issue of bad faith must be generally determined by plenary rather than summary procedures. Riley-Stabler Construction Company v. Westinghouse Electric Corporation, 396 F.2d 274 (5th Cir. 1968), citing, Alabama Great Southern R.R. Co. v. Louisville & Nashville R.R. Co., 224 F.2d 1 (5th Cir. 1955); Azalea Meats, Inc. v. Muscat, 386 F.2d 5 (5th Cir. 1967). However, after full opportunity for discovery, this case was submitted on extensive depositions, affidavits and exhibits, and it clearly appears from the rather comprehensive record and the argument of counsel that the issues here are not evidentiary but legal.

Plaintiff's thrust does not hit subjective mental processes or state of mind, which is so often the situation in bad faith cases. Rather he argues that the undisputed conduct of the union was such as to show a breach of the union's duty of fair representation because of its arbitrary, perfunctory handling of the grievance, Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). See Harris v. Chemical Leaman Tank Lines, Inc., 437 F.2d 167, 171 (5th Cir. 1971). Being able to resolve the legal issues thus presented without the need of choosing among conflicting evidence and without making credibility choices between the witnesses, and being offered no further evidence that would create issues as to material facts, the

district court properly determined the case on motions for summary judgment.[2] Miles v. Dickson, 387 F.2d 716 (5th Cir. 1967).

In Lomax v. Armstrong Cork Company, 433 F.2d 1277 (5th Cir. 1970), a decision entered after this case was decided in the court below, we affirmed a summary judgment in a similar case and said:

> "Although a union may not arbitrarily ignore a meritorious grievance or process it in a perfunctory manner, an employee does not have an absolute right to have any grievance taken to arbitration * * *." 433 F.2d at 1281.

The real crux of this case is the fact that the union refused to use its funds to finance arbitration, on the ground that the chances of success were slight, but nonetheless offered to request arbitration if plaintiff would pay the expenses.[3] That plaintiff finds it less expensive to litigate in Federal court because of our *in forma pauperis* procedure[4] is not sufficient ground to require this forum to displace that agreed to by the parties. Allegations of a whole range of union conduct that plaintiff finds less than acceptable do not provide the thrust to put plaintiff's complaints into the orbit of the Federal court jurisdiction where it appears as a matter of law that his particular case received no less attention than that to which it was entitled.

Affirmed.

---

2. All parties presented motions for summary judgment.

3. The union's evaluation of the merits of plaintiff's claim seems well within its discretion, especially in view of the dismissal

of charges filed by plaintiff with the N.L.R.B. The Board determined that he had engaged in "unprotected" conduct in striking in violation of the contract.

4. 28 U.S.C. § 1915; Rule 24, F.R.A.P.