George E. **JACKSON** et al., Plaintiffs-Appellants,

v.

**TRANS WORLD AIRLINES, INC.** and Air Line Pilots Association, International, Defendants-Appellees.

No. 348, Docket 35517.

United States Court of Appeals, Second Circuit.

Argued Feb. 17, 1972.

Decided March 20, 1972.

Asher W. Schwartz, New York City (O'Donnell & Schwartz, New York City, on brief), for appellants.

Robert L. Carter, New York City (Poletti, Freidin, Prashker, Feldman & Gartner, Herbert Prashker and Richard Lynton, New York City, on brief), for appellee Trans World Airlines, Inc.

Stephen B. Moldof, New York City (Cohen, Weiss & Simon and Robert S. Savelson, New York City, on brief), for appellee Air Line Pilots Assn., International.

Before FEINBERG and TIMBERS, Circuit Judges, and THOMSEN, District Judge.*

THOMSEN, District Judge:

Appellants, plaintiffs below, senior flight engineers employed by defendant Trans World Airlines, Inc. (TWA), appeal from a summary judgment in favor of defendants TWA and Air Line Pilots Association, International (ALPA).[1] They challenge two related provisions in a collective bargaining agreement between TWA and ALPA, which appellants contend deprived them of vested rights in a retirement plan.

On June 1, 1950, TWA initiated a retirement plan, financed by voluntary contributions of the flight engineers and supplemental contributions by TWA. The Flight Engineers International Association (FEIA), which represented the flight engineers at that time, had no role in negotiating the original plan or any modifications thereof until 1965.

On March 19, 1968, following a representation election under the Railway Labor Act,[2] ALPA succeeded FEIA as the certified representative of the flight engineers. Shortly thereafter ALPA and TWA negotiated and executed a collective bargaining agreement, dated May 13, 1968, which made several changes in the retirement plan for the flight engineers, effective March 1, 1968.

Before the 1968 agreement the retirement plan had contained the following provision:

"5.5. A Member, while still in Service, may request that his Accumulated Contributions be paid to him. Upon such payment, all of his Retirement Income shall be cancelled, he shall cease to be a Member and shall not be eligible to again become a Member."

Other relevant provisions are set out in the margin.[3]

The TWA–ALPA agreement of May 13, 1968, deleted Article 5.5, quoted

---

* Of the District of Maryland, sitting by designation.

1. Appellants seek to make this a class action on behalf of all flight engineers in the A and A-1 class employed by TWA who were members of the retirement plan prior to May 13, 1968. In deciding this appeal, we make no determination as to this issue.

2. 45 U.S.C. §§ 151, 152, Third and Ninth.

3. "10.1 The Board of Directors reserves the right at any time and from time to time, and retroactively if deemed necessary or appropriate to meet the requirements of Sections 401(a) or 501(a) of the Internal Revenue Code of 1954 and of any similar provisions of subsequent revenue laws or the rules and regulations from time to time in effect under any of such laws or to conform with governmental regulations or other policies, to modify or amend in whole or in part any or all of the provisions of the Plan;
* * *

"10.2 The Board of Directors may terminate the Plan as to any Company at any time and for any reason. * * *

"11.1 This Plan shall not be deemed to constitute a contract between the Company and any Employee or other person in the employ of the Company nor shall anything herein contained be deemed to give any employee or other person in the employ of the Company any right to interfere with the right

above, and added the following clause, to which appellants object.

"Effective on and after March 1, 1968 a Flight Engineer shall not be permitted to withdraw any contributions which he has made to this Plan while such Flight Engineer is in the employ of TWA."

■■ Appellants contend that ALPA and TWA thereby breached their duty to bargain in good faith, without hostile discrimination against any group. See Steele v. Louisville & Nashville R.R., 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173 (1944). We agree with the district court that no such breach occurred. All senior flight engineers in appellants' classification were treated alike, and the same restriction on withdrawals was applied to the pilots represented by ALPA. The new agreement provided for additional benefits for flight engineers and their plan will be more costly to TWA. Something akin to factual malice is necessary to establish a breach of the duty of fair representation. Cunningham v. Erie Railroad Co., 266 F.2d 411, 417 (2 Cir. 1959). Absent a showing of "hostile discrimination", there is no breach of the duty of fair representation merely because the negotiated agreement fails to satisfy all persons represented by the union. *Steele, supra*; Ford Motor Co. v. Huffman, 345 U.S. 330, 337–338, 73 S.Ct. 681, 97 L.Ed. 1048 (1953).

The gravamen of appellants' argument on appeal is that their right to withdraw their own contributions from the retirement plan without terminating their employment rights could not lawfully be disturbed by an amendment to the plan, particularly by an amendment applied retroactively.

■ Since no appellant or anyone similarly situated sought to withdraw his contributions between March 1, 1968 and May 13, 1968, the question of retroactive application is moot. But it was not necessary for an appellant to actual-

ly request that his accumulated contributions be paid to him, and thus risk his employment status, before obtaining from the court a determination of the validity of the elimination of Article 5.5 from the plan. Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941); Golden v. Zwickler, 394 U.S. 103, 108, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969); International Longshoremen's Association v. Seatrain Lines, Inc., 326 F.2d 916, 918 (2 Cir. 1964).

■■ We do not agree with appellants' contention that the elimination of Article 5.5 constituted a breach of contract by TWA. The provisions of the plan quoted in note 3 in the margin reserved to TWA the right to modify or terminate the plan, so long as the funds are devoted to the benefit of the members. See Finnell v. Cramet, Inc., 289 F.2d 409, 413 (6 Cir. 1961), and Genevese v. Martin-Marietta Corp., 312 F. Supp. 1186, 1190 (E.D.Pa.1969). Nor did the elimination of the right of withdrawal deprive appellants of any vested property right in violation of the Fifth Amendment. Retirement and pension plans are recognized as mandatory subjects of the collective bargaining process. Elgin Joliet & Eastern Ry. Co. v. Brotherhood of Railroad Trainmen, 302 F.2d 540 (7 Cir. 1962), cert. den. 371 U.S. 823, 83 S.Ct. 42, 9 L.Ed.2d 63 (1962). Such a plan can be altered prior to the vesting of the employees' rights under the plan. See Roberts v. Lehigh & New England Ry. Co., 323 F. 2d 219 (3 Cir. 1963); Genevese v. Martin-Marietta, *supra*. In the present case no appellant has yet qualified for retirement benefits. Their right to withdraw contributions was, by the terms of the retirement plan and the TWA–FEIA agreement in effect before May 1968, clearly subject to modification.

For the reasons stated above, the judgment in favor of defendants is

Affirmed.

of the Company to discharge any Employee or such other person at any time and to treat him without regard

to the effect which such treatment might have upon him as a Member of the Plan."