Franklin W. TURNER, Plaintiff-Appellant,

v.

AIR TRANSPORT DISPATCHERS' ASSOCIATION, Defendant-Appellee.

No. 72–2268

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 17, 1972.

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., 431 F.2d 409, Part I (5th Cir. 1970).

298

Warren E. Zimmerman, Dallas, Tex., for plaintiff-appellant.

Robert H. Bliss, Dallas, Tex., for defendant-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

CLARK, Circuit Judge:

Franklin W. Turner brought this action to force the Air Transport Dispatchers' Association (ATDA) to represent him in a seniority dispute with his employer, Braniff Airways, Inc. The district court granted summary judgment. We affirm.

The following facts were developed by deposition and affidavits. After a period of training by Braniff in Dallas, Texas, Turner was assigned to Rio de Janeiro, Brazil as a flight dispatcher in Braniff's Latin American Division. He worked in that division for over twenty years until he was reassigned to Braniff's domestic division in Dallas. Shortly before he came to Dallas, Turner discovered that his name did not appear on the flight dispatcher seniority list published by the domestic division of Braniff. He protested to the Braniff officials responsible for maintaining the seniority list, but was advised that employment in the Latin American Division of Braniff did not count toward seniority on the domestic dispatchers list.

Although Turner was not an ATDA member, he then presented his protest to a meeting of the Union because it was the exclusive representative for domestic flight dispatcher employees of Braniff under the provisions of the Railroad Labor Act, 45 U.S.C. § 151 *et seq.* He was told that the Union concurred in Bran-

iff's interpretation of the collective bargaining agreement and declined to file a grievance or complaint with Braniff in his behalf.[1] Turner thereupon filed a complaint directly with Braniff, and renewed his request that ATDA represent him with the employer. After consulting with officials of ATDA, Braniff formally denied Turner's seniority credit request. Simultaneously, ATDA again informed Turner that it would not present his grievance through the Association's grievance representative. Unable to proceed further with his complaint without union representation, Turner brought this action against ATDA alleging that its refusal to represent him in this dispute was "arbitrary, without good cause, and in bad faith" and furthermore amounted to "hostile discrimination" against him.

This circuit has recognized that summary judgment can be a proper method for disposing of fair representation cases where material issues of fact have been settled by depositions and affidavits. Encina v. Tony Lama Boot Co., Inc., 448 F.2d 1264, 1265 (5th Cir. 1971); Lomax v. Armstrong Cork Company, 433 F.2d 1277 (5th Cir.1970). In *Encina*, as .in this case, the essential facts—those concerning the role of the Union in handling the grievance proceeding—were not in dispute. The issue then becomes one of law—did the conduct of the Union amount to a breach of the Union's duty of fair representation?

■ As exclusive bargaining agent for domestic Braniff flight dispatchers, ATDA had a statutory duty to represent fairly all these employees in disputes arising from the collective bargaining agreement. Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); Humphrey v. Moore, 375 U.S. 335, 84 S. Ct. 363, 11 L.Ed.2d 370 (1965); Ford Motor Co. v. Huffman, 345 U.S. 330, 73

S.Ct. 681, 97 L.Ed.2d 1048 (1953). *Vaca* stated:

. . . the exclusive agent's statutory authority to represent all members of a designated unit includes a statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct. . . . A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith.

386 U.S. at 177 and 190, 87 S.Ct. at 910 and 916.

■ However, this duty of representation does not confer an absolute right on an employee to have his complaint carried through all stages of the grievance procedure. As *Vaca* makes clear, unions should have considerable discretion to control the grievance and arbitration procedure, subject only to a duty of fair representation, 386 U.S. at 191, 87 S.Ct. 903, and an employee is subject to the union's nonarbitrary discretionary power to settle or even abandon a grievance, even if it can be later demonstrated that the employee's claim was meritorious. *Id.* at 192–193, 87 S.Ct. 903; see Bazarte v. United Transportation Union, 429 F.2d 868 (3rd Cir. 1970). Turner argues that ATDA treated his grievance in a perfunctory fashion. It is beyond doubt that the duty of fair representation includes an obligation to investigate and to ascertain the merit of employee grievances. Vaca v. Sipes, *supra*, 386 U.S. at 191, 87 S.Ct. 903; DeArroyo v. Sindicato de Trabajadores Packing, AFL-CIO, 425 F.2d 281, 284 (1st Cir.1970); Local Union 12, United Rubber, C. L. & P. Workers of America, AFL-CIO v. NLRB, 368 F.2d

---

1. Article 22 of the collective bargaining agreement then in effect between Braniff and the ATDA provided for the submission of disputes which could not be resolved between the employee and his immediate supervisors through the ATDA grievance representative. Article 22 also provided that a grievance not filed through the Representative within 30 days should be deemed as waived.

12, 17–18 (5th Cir.1966). But in the case *sub judice,* the union officials and members listened to Turner's arguments at an open meeting and after discussion informed him of the Union's position. Further union investigation was unnecessary since the only difference between Turner, on one side, and Braniff and the ATDA, on the other, concerned the interpretation of the collective bargaining agreement, and not a dispute over facts.[2]

■ The mere fact that the ATDA refused to file Turner's grievance through the Association's grievance representative does not amount to perfunctory or arbitrary treatment. A union's broad discretion in prosecuting grievance complaints includes not only the right to settle the dispute short of arbitration but also to refuse to initiate the first steps in the appeal procedure when it believes the grievance to be without merit.[3]

Turner next contends that the Union's interpretation of the seniority rules was made in bad faith since granting him seniority credit for service in the Latin American Division would have resulted in placing him ahead of other dispatchers on the domestic seniority list. The fact that a union adopts a position which favors one group of employees over another does not amount to a breach of the duty of fair representa-

tion. Humphrey v. Moore, *supra,* involved the decision of a union to permit the integration of the seniority lists of two groups of employees, to the detriment of some of its members. Noting that the decision was "neither arbitrary nor unique," the Court explained:

> Inevitably differences arise in the manner and degree to which the terms of any negotiated agreement affect individual employees and classes of employees. . . . The complete satisfaction of all who are represented is hardly to be expected. A wide range of reasonableness must be allowed a statutory bargaining representative . . . subject always to complete good faith and honesty of purpose in the exercise of its discretion. 375 U. S. at 349, 84 S.Ct. at 372.

In this case, the ATDA interpretation of the seniority rules favored two groups of Braniff dispatchers, (1) those who had spent their entire careers in the domestic system and (2) those who had qualified as domestic dispatchers before being assigned to Latin America. Indeed, this interpretation was the only plausible one under the explicit language of the collective bargaining agreement, which was a contract between the employer and the union representing domestic flight dispatchers.[4] Turner nev-

---

2. Turner's own deposition makes this crystal clear.

3. In Watson v. International Bro. of Teamsters, C., W. & H. of America, 399 F.2d 875, 880 (5th Cir. 1968), this court observed:

> We find nothing in the present record to support the contention that the Local or the Teamsters exercised bad faith. . . . If the representation of the appellants was anything less than enthusiastic, it may well have been due to the Local's well-founded belief that the grievance was unjustifiable. 399 F.2d 875, 880 (5th Cir. 1968).

4. For example, the collective bargaining agreement between Braniff and the ATDA, effective June 1, 1969, provided in part:

Article 1—RECOGNITION AND SCOPE OF AGREEMENT:
For the purposes of the Railway Labor Act, as amended, the Company hereby recognizes the Air Transport Dispatchers' Association as the duly designated and authorized representative of the Flight Dispatcher and Assistant Flight Dispatcher employees of the Company who are employed and assigned within the continental United States, and any of said employees as may be temporarily assigned by the Company to Flight Dispatcher duties outside the continental United States only.
Article 26—FOREIGN VACANCIES:
Any employee filling a Flight Dispatcher vacancy which does not come under the terms of this Agreement shall not maintain or accrue seniority

er qualified for either of the favored categories prior to his recent return to domestic service.

■ Finally, Turner contends that the Union's refusal to press his grievance amounted to hostile discrimination against him because he was not a member of the ATDA. The duty of fair representation by an exclusive bargaining agent must extend to all members of the bargaining unit regardless of their union membership. *See* Thompson v. Brotherhood of Sleeping Car Porters, 316 F.2d 191 (3rd Cir.1963) and 367 F. 2d 489 (3rd Cir.), cert. denied 386 U.S. 960, 87 S.Ct. 1019, 18 L.Ed.2d 110 (1966). However, in the proceedings below Turner did not produce any evidence that he had been discriminated against because he had not joined the ATDA. Indeed Turner was unable to show that he had been treated differently by the Union from any other similarly situated employee.

■ Turner does point out that the record indicates Braniff may have given seniority credit for Latin American service to at least one dispatcher with an employment status similar to his. However, discrimination or unfairness by Braniff in denying Turner's seniority claims is not an issue in this action. The sole issue is whether the ATDA breached its duty to fairly represent Turner in his dispute with the employer. No showing was made that the ATDA was involved in obtaining seniority for Latin American service for any dispatcher. The alleged fact that at one time the *employer* may have treated another employee with a similar claim more favorably, does not amount to a showing the *Union* has discriminated against the plaintiff by failing to press for identical treatment in his case.

Affirmed.

unless before filling such vacancy he shall have completed at least six (6) months of his probationary period as a Flight Dispatcher or an Assistant Flight Dispatcher at a domestic base.

The collective bargaining agreements in effect from the time of Turner's first employment with Braniff contained essentially these same provisions.