Betty Sue STANLEY et al., Plaintiffs-Appellants,

v.

GENERAL FOODS CORPORATION, MAXWELL HOUSE DIVISION, Defendant-Third-Party Plaintiff-Appellee,

v.

ALLIED FOOD WORKERS DISTRICT UNION 103 et al., Third-Party Defendants-Appellees.

No. 74–3176
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 17, 1975.

W. Arthur Combs, Houston, Tex., for plaintiffs-appellants.

J. M. Hopper, Houston, Tex., for General Foods.

W. Wiley Doran, Houston, Tex., for Allied Food Workers Union.

Before THORNBERRY, MORGAN and RONEY, Circuit Judges.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

PER CURIAM:

Betty Sue Stanley appeals from the judgment of the district court which found her union had not breached its duty of fair representation. We think the court was correct, and therefore, affirm.

 The facts which gave rise to this dispute began in December, 1971, when Stanley was discharged for failure to comply with General Foods' Absentee and Lateness procedure. The validity of that procedure, then undergoing arbitrator scrutiny, was upheld under the existing contract as a reasonable factory rule. Stanley challenged the fairness of the procedure, charging that it was administered unfairly. When the union refused to arbitrate her claim, she sued General Foods, requesting the court to compel arbitration. Her union, Allied Food Workers (AFL–CIO) was eventually drawn into the suit, and defended on the ground that it had not breached its duty of fair representation, the threshold issue below. We agree.

A review of the record shows that Stanley did not contest the correctness of the points assessed against her. Furthermore, her prior record showed three previous suspensions for absenteeism, falsification of records and negligence on the job. Although the union requested that she remain on the job, the company refused. The matter proceeded to a Step III grievance meeting but the company continued to refuse her reinstatement. When the validity of the absence procedure was eventually upheld in a separate arbitration proceeding, the union felt that a further pursuit of Stanley's case would be meritless. Stanley's contention that her discharge resulted from sex discrimination did not become clear until trial and is belied by the record below. During the grievance procedure itself, nothing concerning such discrimination was voiced and the union proceeded on its belief and Stanley's initial assertion that the absentee procedure was unreasonable.

 Under the circumstances, it appears the union met their obligation of fair representation by pursuing her grievance to a point where further action would have been fruitless. The union is not under an absolute duty to pursue a grievance through arbitration and a breach of duty is not established merely by proof that the underlying grievance was meritorious. Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); Turner v. Air Transport Dispatchers' Association, 5 Cir., 1972, 468 F.2d 297, 299–300. We cannot say that the union's conduct here was discriminatory or unfair.

Affirmed.