John R. NAGEL, Plaintiff,

v.

INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA and Airline and Aerospace Employees Local Union No. 732 of the International Brotherhood of Teamsters, Defendants and Third-Party Plaintiffs,

v.

BRANIFF AIRWAYS, INCORPORATED, Third-Party Defendant.

No. 74 C 1753.

United States District Court, E. D. New York.

June 24, 1975.

**392**

Jaspan, Kaplan & Levin, Garden City, N. Y., for plaintiff by A. Thomas Levin, Garden City, N. Y.

Cohen, Weiss & Simon, New York City, for defendants and third-party plaintiffs by Stanley M. Berman, New York City.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

Plaintiff, a member of Airline and Aerospace Employees Local Union No. 732 ("Local 732"), sued Local 732 and the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America ("I.B.T."), with which Local 732 is affiliated, in the New York Supreme Court, Nassau County. The defendant unions removed the action to this court as one arising under the Railway Labor Act, 45 U.S.C. § 151 *et seq.*, and within its jurisdiction under 28 U.S.C. § 1337. Thereafter, the defendant unions impleaded the employer, Braniff Airways, Incorporated ("Braniff"), as a third-party defendant. The case is now before the court on plaintiff's motion for summary judgment as to liability, reserving the question of damages, and on defendants' cross-motions for summary judgment dismissing the complaint.

Simply stated, plaintiff seeks recovery of $8,190 of reinstatement back pay he did not receive because of defendants' alleged failure to prosecute his arbitration appeal promptly after his discharge from employment by Braniff. The pleadings and affidavits of the contesting parties show that there is no dispute as to the following material facts.

Prior to September 24, 1973, plaintiff was employed by Braniff as a cargo serviceman at Kennedy Airport and was a member of Local 732. Braniff discharged plaintiff on that date for habitual lateness and absenteeism. Pursuant to the terms of a collective bargaining agreement between Braniff and I.B.T., which Local 732 administers at Kennedy Airport, Local 732 on September 27, 1973 filed a grievance at plaintiff's request protesting his discharge. Union grievances concerning four other employees discharged by Braniff were then pending under the collective agreement. After passing through the preliminary steps of the grievance procedure, all five cases were eventually submitted to the Braniff-I.B.T. System Board of Adjustment. The hearing at that level was concluded on November 29, 1973, with the System Board in deadlock on all five cases, including plaintiff's. Local 732 was notified to that effect on November 29, 1973.

Within the 15-day appeal time period provided in the collective agreement, and on December 10, 1973, Local 732 notified Braniff that all five cases would be appealed to arbitration as provided in the agreement. The five discharge cases were heard by the arbitrator on

April 18 and 19, 1974. The arbitrator rendered his decision on May 4, 1974, directing that Braniff reinstate plaintiff to his position with full seniority rights, as if he had not been separated. Back pay was awarded him from the date of his discharge, September 24, 1973, through the date of the System Board meeting, November 29, 1973, minus any earnings from other employment or unemployment compensation during that period.

Pursuant to the arbitrator's award, plaintiff was reinstated in Braniff's employ on or about September 26, 1974. Under the award, as above noted, he was not entitled to receive, and presumably was not paid, back pay for the period from November 29, 1973 to on or about September 26, 1974. His claim against the defendant unions for recovery of the unpaid back pay is based solely upon the following paragraphs appearing in the arbitrator's decision:

"The disposition of the back pay question is not so simple. Ordinarily, a Grievant would be restored with full back pay in such an instance. However, in this case, it appears that the Grievance was not appealed by the Union promptly following the Board of Adjustment deadlock, and it would be unfair to the Company for it to pay the Grievant's salary thereafter. The general rule in Arbitration seems to be that awards of back pay should be reduced, even though the discharge is found to be without just cause, when the Grievant or the Union was guilty of unusual delay in seeking Arbitration.

"Accordingly, the Arbitrator concludes that it would be appropriate for the Grievant to be paid back pay from the date of his discharge until the date of the System Board meeting at which this grievance was considered and a deadlock was reached."

In moving for summary judgment on the issues of liability, plaintiff essentially claims that the defendant unions owed him the duty of fair representation in the presentation of his grievance and that the arbitrator's remarks quoted above represent a binding determination that they failed to fulfill their duty.

Defendants, in opposing plaintiff's motion and urging dismissal of the complaint, point out that plaintiff was treated no differently than other discharged Braniff employees whose grievances were being handled by Local 732 at the same time. The table below identifies the five discharged employees whose cases were pending as of September 27, their dates of discharge, and the dates of submission to the System Board.

| NAME | DISCHARGED | SUBMITTED TO BOARD |
|---|---|---|
| Peter Splain | September 17, 1973 | September 21, 1973 |
| Joseph Grier | August 7, 1973 | August 21, 1973 |
| Charles Cooke | September 25, 1973 | September 27, 1973 |
| John Carey | August 7, 1973 | August 21, 1973 |
| John Nagel | September 24, 1973 | September 27, 1973 |

The touchstone of a cause of action predicated on unfair representation is a showing that the union acted discriminatorily, arbitrarily or in bad faith with respect to a particular employee or group of employees in the prosecution (or in the failure to prosecute) a grievance. *Vaca v. Sipes*, 386 U.S. 171, 190, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *Simberlund v. Long Island Rail Road Company*, 421 F.2d 1219, 1225–26 (2 Cir. 1970); *Jackson v. Trans-World Airlines, Inc.*, 457 F.2d 202, 204 (2 Cir. 1972).[1] It is not the court's function to inquire into the merits of the particular grievance involved. *Simberlund, supra*, 421 F.2d at 1225. The only question for resolution by the court is whether the union acted in bad faith.

In support of its motion for summary judgment, defendants offered the affi-

---

1. "Something akin to factual malice is necessary to establish a breach of the duty of fair representation. Cunningham v. Erie Railroad Co., 266 F.2d 411, 417 (2 Cir. 1959)." *Id.*

davit of William A. Olsen, the recording secretary and a business agent of Local 732, who stated:

> "I was, at the time of his discharge, acquainted with Mr. Nagel just as I was with other members of Local 732 and employees of Braniff. His relationship to me and to Local 732 was not in any respect unusual. . . . Mr. Nagel had never had any difficulties with Local 732 or with me or with any other official of Local 732. There was absolutely no history of his having been treated either less favorably or more favorably than anyone else." Affidavit of William A. Olsen at 3.

Also attached to the moving defendants' papers is a copy of a letter from Olsen to Braniff, dated December 10, 1973, advising of the union's desire to send the five deadlocked cases to arbitration "immediately." The letter continued:

> "Please contact me as soon as possible so we can pick and agree on arbitrators for these discharge cases. It is imperative that we do this at once."

This letter, which is *ante litem motam,* certainly does not evidence anything other than diligent representation by Local 732.

Faced with these facts, plaintiff has not offered opposing affidavits or other proof tending to show bad faith on Local 732's part. Instead he has chosen to rely solely on the language of the arbitrator's decision, quoted above, as being conclusive of bad faith. Such a contention is untenable for a number of reasons.

First, it appears from the facts already adverted to that the arbitrator's finding that the union "was guilty of unusual delay in seeking Arbitration" is without factual basis. During oral argument, plaintiff's counsel admitted he did not know upon what facts the arbitrator relied in so finding.

Second, conceding the conclusiveness of the arbitrator's decision on the reinstatement and back pay issues, it is obviously not conclusive on the question of *bad faith* on the part of Local 732, since that issue was not before the arbitrator.

Finally, there is a complete absence in plaintiff's pleadings of even an allegation of bad faith on the union's part. See *Lusk* v. *Eastern Products Corp.,* 427 F.2d 705, 708 (4 Cir. 1970).[2] Indeed it would be difficult for plaintiff to allege bad faith in view of the facts that not only did Local 732 succeed in having him reinstated but his case was processed in exactly the same manner as the four other employees' grievances referred to above.[3] If, in fact, the union was guilty of bad faith with respect to all five grievants, it was incumbent on plaintiff when confronted with defendants' summary judgment motion to come forward with some evidence to that effect. See *Donnelly* v. *Guion,* 467 F.2d 290, 293 (2 Cir. 1972); *Engl* v. *Aetna Life Insurance Co.,* 139 F.2d 469 (2 Cir. 1943). Having failed to do so or to request additional time within which to do so plaintiff's complaint must be dismissed on the merits.

Plaintiff's motion for summary judgment is denied and defendants' cross-

---

2. "However, the allegations of a complaint alleging a breach of a union's duty of fair representation must contain more than conclusory statements alleging improper representation; conclusory allegations without specifying supporting facts to show the union's lack of good faith fail to state a valid claim."
Defendants' Brief at 19.

3. Even if it could be said that the union acted negligently in prosecuting plaintiff's grievance, and no factual support for that conclusion is apparent, mere negligence does not establish a breach of the duty of fair representation. *Bazarte* v. *United Transportation Union,* 429 F.2d 868, 872 (3 Cir. 1970); *Encina* v. *Tony Lama Company,* 316 F.Supp. 239 (W.D.Texas 1970), *aff'd,* 448 F.2d 1264, 1265 (5 Cir. 1971).

motion for summary judgment dismissing the complaint is granted.[4]

So ordered.

The Clerk of the Court is directed to enter summary judgment in defendants' favor dismissing the complaint.

---

4. In support of its summary judgment motion, the union also argued that plaintiff failed to exhaust his intra-union remedies before bringing this action and that conse-quently his complaint should be dismissed. Because of the result reached here it is not necessary to consider this argument and no opinion concerning it is herein expressed.