**Captain Hobson COOPER**

v.

**WESTINGHOUSE ELECTRIC CORPORATION and International Union of Electrical, Radio and Machine Workers.**

**No. IP 74–477–C.**

United States District Court,
S. D. Indiana,
Indianapolis Division.

April 2, 1976.

Dan Clayton, Indianapolis, Ind., for plaintiff.

Stephen E. Davis, Ice, Miller, Donadio & Ryan, Indianapolis, Ind., and Kelly N. Stanley, White, Pierce, Beasley & Gilkison, Muncie, Ind., for Westinghouse.

Winn Newman, Ruth Weyand and Melvin Warshaw, Int. Union Office, Washington, D. C., and Donald Foulke, Indianapolis, Inc., for International.

## MEMORANDUM ENTRY

NOLAND, District Judge.

On February 7, 1972, plaintiff herein, Captain Hobson Cooper, was discharged by his employer, the Transformer Division of Westinghouse, Inc. of Muncie, Indiana. Defendant Westinghouse (the Company) asserts the discharge was the result of an incident which occurred on February 4, 1972, wherein the plaintiff was found asleep inside a large transformer by his foreman during working hours. The defendant International Union of Electrical, Radio, and Machine Workers, AFL–CIO (the Union) filed a grievance on plaintiff's behalf after the discharge and pursued the matter without success to the national grievance level. The Union made a final appeal by requesting arbitration of the circumstances surrounding the discharge but ultimately withdrew their petition.

The plaintiff filed this action for damages alleging wrongful discharge from his employment in violation of his contract with the defendant company and the failure of the Union to fairly represent him in the dispute arising therefrom in violation of his contract with the Union. Both defendants

have filed motions for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure. Jurisdiction is predicated upon the provisions of the National Labor Relations Act, 29 U.S.C. § 151, *et seq.*; 29 U.S.C. § 185.

According to Rule 10 of the Rules of Procedure of the United States District Court for the Southern District of Indiana, the party opposing a motion for summary judgment is required to file any documentation said party possesses refuting the moving party's position as well as a statement of genuine issues setting forth all material facts as to which there exists an issue which must be litigated. In the instant case, plaintiff has chosen to file reply briefs to defendants' motions for summary judgment.

■ As a general rule the party opposing summary judgment cannot reserve his evidence. *Hisel v. Chrysler Corp.*, 94 F.Supp. 996 (D.C.Mo.1951); *Engl v. Aetna Life Ins. Co.*, 139 F.2d 469, 473 (2d Cir. 1943). The record submitted in support of the motions for summary judgment obligate this plaintiff to come forward and show the existence of a material factual controversy.

■ Absent such a presentation, the Court must accept as true the following uncontested facts as set forth by the defendants in support of their motions for summary judgment: Plaintiff was discharged from his employment with the Company following an incident which occurred in January of 1971. With the assistance of his Union, the Company reversed its position and granted him a thirty day suspension. The terms of his reinstatement provided that he was returned to active employment "on a Final Warning basis and that any future violations of the Rules of Conduct will result in immediate discharge." (Company Exhibit A–5.) Sleeping on the job is a violation of the Rules of Conduct to which plaintiff agreed upon accepting employment with the Company. (Company Reply Brief Exhibit A). Plaintiff nowhere contends that he was not asleep at the time of the incident which led to his discharge. Nor does he contend he

lacked knowledge of the Company's rules or the terms of his reinstatement.

In the conclusion of his brief in opposition to defendants' motions for summary judgment, the plaintiff takes the position that he was terminated by his employer without just cause *and* that the Union breached its duty of fair representation to him. (Emphasis added). To prevail on the motion before the Court the plaintiff must show the existence of a factual issue as to both of these questions.

The brief in opposition to summary judgment and the affidavits submitted therewith assert the existence of four material issues to be resolved by the trier of fact in this cause: (1) The propriety of the Union's actions after the 1971 incident which resulted in plaintiff's reinstatement with the Company on a final warning basis; (2) the Union's failure to properly represent plaintiff following the 1972 discharge; (3) the Company's acquiescence to the practice of employees sleeping on the job; and (4) the true nature of plaintiff's work record.

Regarding plaintiff's first asserted material issue of fact, the circumstances of the 1971 suspension and reinstatement are not material to the complaint filed herein. This action deals with the discharge which occurred on February 7, 1972. If the plaintiff was dissatisfied with the terms and conditions under which he returned to the company in 1971, he has made no objection to them heretofore. The appropriate manner for doing so cannot be said to be in reply to a motion for summary judgment in this cause, particularly when the circumstances of the previous incident are not raised in the complaint herein.

For his second material issue of fact, plaintiff asserts the Union did not fairly represent him after the 1972 incident. There is no evidence supporting this contention. Neither the plaintiff's nor his co-workers' affidavits state any specific allegations wherein the Union acted or failed to act in any manner calculated to result in plaintiff's asserted wrongful discharge. To the contrary, the record in this cause re-

flects the Union's efforts to provide plaintiff with the full panoply of grievance procedures available under the collective bargaining agreement between the Company and the Union. (Union Exhibits B, C, D.) In addition, the plaintiff has not set forth one scintilla of evidence indicating bad faith by the Union beyond the conclusory allegations that the Union failed to adequately represent him.

The third asserted material issue of fact relates to the Company's alleged acquiescence in the practice of sleeping on the job by employees performing functions similar to the plaintiff. Plaintiff has provided no evidence of employees similarly situated who have not been subject to disciplinary action when found asleep on the job. The Company, on the other hand, has provided evidence that the plaintiff and other employees similarly situated have been subject to disciplinary action, including discharge, for the serious misconduct offense of having been found asleep while on the job. (Company Reply Brief Exhibits A–1 through A–7).

For his final issue, plaintiff contends the true nature of his work record is material to the outcome of this case. The Company's records reveal that since the beginning of Captain Hobson Cooper's employment in 1964, he has been involved in twenty-eight incidents requiring disciplinary action. (Company Exhibit A–1). During the same period the Union has recorded thirty-eight incidents wherein the plaintiff was subject to disciplinary action. (Union Exhibit A). These records demonstrate that the plaintiff was less than an exemplary employee. Whatever discrepancies exist between them, both reveal that on a number of occasions the Company could have terminated plaintiff's employment, but chose not to do so. Regardless of the alternative actions previously available to the company, however, the plaintiff has failed to show how these records, or any specific discrepancy between them, are material to the alleged wrongful action by the Company and Union in this cause.

The Court concludes, therefore, that plaintiff has failed to support his claim of a material triable issue and the defendants are entitled to summary judgment as a matter of law. Upon consideration of all the pleadings herein, the Court has also concluded that as a matter of law the facts presented do not give rise to a claim for relief either against the Company or the Union.

 As a general rule, an employee cannot bring direct suit against his employer unless the collective bargaining agreement expressly states that arbitration was not intended to be the exclusive remedy for settlement of a contract grievance. *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965). Where, as here, a contract grievance procedure exists which does not grant an employee the right to bring private suit against his employer, the employee is bound by the outcome of the grievance proceeding and cannot bring suit unless the remedies provided by the collective bargaining agreement have been exhausted. *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *Ford v. General Electric Co.*, 395 F.2d 157 (7th Cir. 1968); *Newgent v. Modine Manufacturing Co.*, 495 F.2d 919 (7th Cir. 1974). Failure to exhaust contractual remedies is a defense available to the Union and the employer. *Brookins v. Chrysler*, 381 F.Supp. 563 (E.D. Mich.1974); *Kappel v. Pepsi Cola Bottling Co. of Indianapolis, Inc.*, Cause No. IP 74–186–C (S.D.Ind. November 20, 1974); *Barr v. Commercial Motor Freight, Inc.*, Cause No. IP 74–337–C (S.D.Ind. August 1, 1975).

An exception to this rule permits suit by an aggrieved employee against his Company where the employer's action amounts to a repudiation of the collective bargaining agreement. *Vaca v. Sipes, supra*, 386 U.S. at 185, 87 S.Ct. 903. No such assertion has been made in this cause and no evidence has been presented to support even an inference that the Company has repudiated the collective bargaining agreement.

 Alternatively, an employee may bring suit against an employer when the remedies of the collective bargaining agree-

ment have not been exhausted, if the Union has in bad faith refused to process the employee's grievance. To sustain the position that the Union unfairly represented him, plaintiff must show some evidence of fraud, deceit, or dishonest conduct as accounting for the Union's failure to fully process his grievance. *Amalgamated Assn. of Street Employees v. Lockridge*, 403 U.S. 274, 91 S.Ct. 1909, 29 L.Ed.2d 473 (1971). Plaintiff does not allege bad faith or malice by the Union and has not produced any evidence which would support an inference of bad faith by the Union. Furthermore, the Union is under no duty to pursue a matter to arbitration when such efforts would be fruitless and plaintiff can not establish a breach of duty simply by proving his underlying grievance was meritorious. *Vaca v. Sipes, supra; Turner v. Air Transport Dispatcher's Assn.*, 468 F.2d 297 (5th Cir. 1972); *Stanley v. General Foods Corp. v. Allied Food Workers District Union 103 et al.*, 508 F.2d 274 (5th Cir. 1974).

In summary, the Court believes this is an appropriate case for summary judgment in favor of the defendant company. Plaintiff's counsel has conceded the truth of the assertion that his client was asleep at the time and place of the incident giving rise to this litigation. The company defendant, as a matter of contract right, was entitled to discharge the plaintiff when his reinstatement on a final warning basis was followed by a violation of the company's rules of conduct.

The Court likewise finds the union defendant is entitled to summary judgment on the record herein. The union took up plaintiff's discharge as a grievance and pursued remedies provided by the collective bargaining agreement, but stopped short of the ultimate step of arbitration after reasonably concluding the plaintiff's work record foreclosed success on the merits of his claim. The union's action was consistent with its duty of fair representation under federal law and clearly falls within the rule laid down in *Vaca* where the Supreme Court stated:

"Applying the proper standard of union liability to the facts of this case, we cannot uphold the jury's award, *for we conclude that as a matter of federal law the evidence does not support a verdict* that the Union breached its duty of fair representation. As we have stated, Owens could not have established a breach of duty merely by convincing the jury that he was in fact fit for work in 1960; *he must also have proved arbitrary or bad-faith conduct on the part of the Union in processing his grievance.* The evidence revealed that the Union diligently supervised the grievance into the fourth step of the bargaining agreement's procedure, with the Union's business representative serving as Owen's advocate throughout these steps." *Vaca v. Sipes, supra*, at 386 U.S. 193, at 87 S.Ct. 918. (emphasis added)

Accordingly, for the reasons cited hereinabove, the Court has concluded that the plaintiff has failed to raise any material issue of triable fact and has not raised a claim for relief as a matter of law. The defendants' motions for summary judgment are hereby GRANTED.

IT IS SO ORDERED.